Conti *v.* Butler Consolidated Coal Company, Appellant.

Argued April 13, 1951. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

Paul Kern Hirsch, with him Karl E. Weise and Hirsch & Weise, for appellants.

Clair V. Duff, with him Robert A. Doyle and Duff, Stockdale & Doyle, for appellee.

OPINION BY HIRT, J., July 19, 1951:

Claimant, following an injury from accident in the course of his employment, entered into an open agreement with the defendant providing compensation for total disability. On March 16, 1949, about eight months later, defendant petitioned for a termination of the agreement averring that claimant's disability from the accident had ended. After hearing, the referee on appropriate findings ordered the termination of all compensation as of September 14, 1948. From that order claimant appealed and subsequently petitioned the Board for a rehearing. After argument the Board denied claimant's petition for a rehearing and affirmed the findings of fact, conclusions of law and order of the Referee. There was ample competent medical evidence to support the finding of the Referee, affirmed by the Board, to this effect: "that the disability of the Claimant as a result of the accidental injury of July 20, 1948 ceased and terminated on September 14, 1948 on which date he was able to return to his regular employment without any loss of earnings." The above finding therefore was conclusive. Holliday v. Mc-Graw & Co. et al., 157 Pa. Superior Ct. 447, 43 A. 2d

610. Conceding this, the lower court nevertheless remanded the proceeding to the Board for reconsideration of claimant's application for a rehearing on the sole ground that the record does not, by specific additional findings, indicate the reasons for the Board's dismissal of claimant's petition. In this order there is clear error as a review of the undisputed facts will demonstrate.

Claimant was struck by falling coal. The resulting injuries were described in the compensation agreement as "bruised right shoulder and laceration of shin of right leg." He was treated by a competent physician who, according to his testimony before the Referee, discharged him on September 13, 1948 as able to resume his regular employment in defendant's mine. At that time claimant still complained of some pain in his shoulder but in the opinion of the above medical witness it was not "a disabling pain" affecting his earning power. Beginning with September 14, 1948 claimant worked steadily in defendant's mine every day that the mine was in operation until September 1949 when a strike closed the mine for a time. During the period claimant worked a number of full weeks. Since the settlement of the strike the mine has been in operation about three days each week and claimant has worked every day that work was available.

The court was wrong in remanding this case to the Board for reconsideration of claimant's petition for a rehearing. The findings of fact are explicit and the lower court properly found that they were sustained by competent evidence and that "the employer had successfully carried the burden of proving that claimant's disability from accident had ended." The Board might have stated its reasons for refusing a rehearing but it was not obliged to do so since it is obvious that the order rests upon claimant's previous failure to prove that he was still disabled after having been afforded

every reasonable opportunity to do so. His answer to the petition for termination filed on March 31, 1949, alleged that he still suffered partial disability from the accident. The first hearing on the petition was set for September 17, 1949 and in the meantime he had almost six months in which to prepare his defense. Nevertheless on the day of the hearing he produced no witnesses and at his request the hearing was continued to October 6, 1949 and again to November 10, 1949. It was conceded at the argument that claimant was represented by competent counsel at the October hearing and that his counsel then withdrew from the case because medical witnesses were not then available to substantiate claimant's defense. Testimony was taken at the November hearing, attended by claimant without counsel, and the referee on November 15, 1949 ordered a termination of compensation payments. It was not until the following January that claimant petitioned for a rehearing and he then for the first time, offered to produce a competent medical witness in Dr. John S. Donaldson, who was prepared to testify that claimant still suffered partial disability from the accident.

The Board under §426 of the Workmen's Compensation Act, as amended, 77 PS §871, undoubtedly had authority to grant a rehearing. But although the Act is to be liberally administered in the interest of a claimant it does not intend that new hearings shall continue indefinitely. *Vorbnoff v. Mesta Machine Co.*, 286 Pa. 199, 209, 133 A. 256. Even litigation involving a claimant's right to compensation must at some time have an end, and the Board is not obliged to grant a rehearing upon every changed circumstance affecting a claimant. Cf. *Lopen v. Economy Coat etc. Co. et al.*, 163 Pa. Superior Ct. 593, 63 A. 2d 109. There is nothing in this record even remotely suggesting that the Board acted improperly. Claimant had demonstrated

over a period of more than a year that his injuries did not affect his ability to perform his former work in the mine. And the Board was most considerate in granting continuances to give him the opportunity to produce witnesses in his defense.

It was conceded below, as the record clearly shows, that the order of termination was justified by the findings and that the findings were supported by competent evidence, for the most part undisputed. And the only question here, as in the court below, is the propriety of the order refusing a rehearing. Since the refusal of a rehearing is wholly within the discretion of the Board its order is appealable only for an abuse of that discretion. *Powell v. Sonntag,* 159 Pa. Superior Ct. 354, 48 A. 2d 62; *Fronko v. U. S. Sanitary Mfg. Co.,* 155 Pa. Superior Ct. 636, 642, 39 A. 2d 363. In any view of the record in the present case, it is clear that the Board did not exceed the bounds of reason in refusing a rehearing. The order of the lower court, therefore, in remanding the case to the Board for reconsideration of claimant's request for a rehearing, is a nullity and not interlocutory merely. Accordingly, consistent with the practice indicated in *Fronko v. U. S. Sanitary Mfg. Co.* as well as in *Powell v. Sonntag,* supra, we are obliged to dispose of that question with finality as one of law.

The order of the court below was not interlocutory; the order is reversed and the record is remitted to the lower court for entry of judgment in favor of the defendant on the order of termination as entered by the Board.