Olindo Posterivo, Petitioner v. Workmen's Compensation Appeal Board (United Parcel Service), Respondents.

Argued February 2, 1983, before Judges Rogers, Blatt and Craig, sitting as a panel of three.

*Samuel S. Blaufeld,* for petitioner.

*Terry L. M. Bashline,* with him *James A. Bosakowski,* for respondent, United Parcel Service.

OPINION BY JUDGE ROGERS, March 30, 1983:

This is a claimant's appeal from an order of the Workmen's Compensation Appeal Board denying the prayer of the claimant's petition for rehearing of his claim for compensation.

The claimant sought compensation for about five weeks of disability due to an episode of angina pectoris which the claimant alleges was caused by a heated dispute with his supervisor at the work place. A referee awarded compensation, but on appeal, the board reversed for lack of medical evidence that the dispute at work caused the episode of angina pectoris or aggravated an existing heart ailment. The board's decision rested on a report of the claimant's treating doctor where diagnosis was reported as "chest pains of undetermined etiology." The claimant filed an untimely appeal from the board's decision, which on application of the employer, we were required to, and did quash.

The claimant also, however, filed the petition for rehearing which is the subject of this appeal.

The issue is whether the board committed an abuse of discretion in refusing rehearing. In his petition for rehearing filed with the board, the petitioner avers that there is "available a report [of the treat-

ing physician bearing a date later than the referee's hearing] which states that the claimant's episode of angina pectoris was in the doctor's opinion a result from the dispute with the supervisor.'' In his written argument, the claimant explains the failure to present the doctor's opinion on causation at the time of the hearing only to the fact that the doctor has a busy schedule and to the doctor's lack of appreciation of the legal consequence of his report which the claimant produced at the hearing.

The decision of whether to grant or deny a rehearing is within the discretion of the board and our review is limited to the issue of whether a sound discretion was abused. Anderson v. Workmen's Compensation Appeal Board, 51 Pa. Commonwealth Ct. 582, 585, 414 A.2d 774, 776 (1980); Douglas v. Workmen's Compensation Appeal Board, 32 Pa. Commonwealth Ct. 156, 159, 377 A.2d 1300, 1302 (1977). ''A rehearing petition . . . is appropriate for use as a means of seeking to present after discovered, non-cumulative evidence which could not have been, by the exercise of ordinary diligence, produced at the original hearing. Anderson; Douglas; Fetzer v. Michrina, 8 Pa. Commonwealth Ct. 273, 301 A.2d 924 (1973). However, ''a rehearing should not be allowed simply for the purpose of strengthening weak proofs which have already been presented. . . .'' General Woodcraft & Foundry v. Workmen's Compensation Appeal Board, 13 Pa. Commonwealth Ct. 357, 362, 318 A.2d 385, 387 (1974).

*Young v. Workmen's Compensation Appeal Board,* 72 Pa. Commonwealth Ct. 471, 456 A.2d 1162 (1981).

Clearly, the material sought to be added to the record by the petition for rehearing is not evidence which could not have been, by the exercise of ordinary diligence, produced at the referee's hearing and clearly this rehearing was sought for the purpose of supplying a necessary proof available but unfortunately not produced at the hearing.

Order affirmed.

ORDER

AND Now, this 30th day of March, 1983, the order of the Workmen's Compensation Appeal Board in the above captioned matter is hereby affirmed.