539 A.2d 792

**Barbara CUDO, w/o Lewis Cudo, Deceased, Appellant,**

v.

**HALLSTEAD FOUNDRY, INC., Appellee.**

Supreme Court of Pennsylvania.

Submitted Dec. 10, 1987.

Decided March 24, 1988.

Robert Dean, John R. Dean, Montrose, for appellant.

David E. Heisler, Scranton, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA and PAPADAKOS, JJ.

## OPINION OF THE COURT

LARSEN *, Justice.

The issue in this case is whether after discovered evidence, as that term is used by the courts when considering a motion for a new trial, is the *only* basis upon which the Workmen's Compensation Appeal Board (Board) may grant a rehearing.

Lewis Cudo (decedent) was an employee of Hallstead Foundry, Inc. (employer) for 22 years. For the five years preceding his death, decedent worked as a grinder, which position involved standing in a booth, grinding and turning metal castings weighing between 25 and 150 pounds. On May 17, 1979, decedent performed his normal tasks at work for seven hours. As he awaited the lunch whistle, he fell over and, shortly thereafter, was pronounced dead on arrival at Binghamton General Hospital. The autopsy listed the causes of death as advanced coronary atherosclerotic heart disease and acute congestive heart failure. Decedent had had a pre-existing heart condition which had been alleviated by surgery in 1966.

Decedent's wife, Barbara Cudo, appellant herein, filed a fatal claim petition under the Workmen's Compensation Act (Act). 77 P.S. §§ 1–1603. Dr. James J. Grace, the Susquehanna County coroner's physician, provided the only medical testimony during the hearing before Referee Fraser Donlan. Dr. Grace, who had not prepared the autopsy report and who could not recall ever having treated dece-

---

* This case was reassigned to this writer on Feb. 18, 1988.

dent, testified that the stress and tensions of decedent's regular work were directly related to decedent's heart attack and resulting death. On the basis of this testimony, the referee awarded death benefits of $117.30 per week to appellant and directed that the employer's insurance carrier pay $70.00 for medical expenses and $1500.00 for funeral expenses.

The employer appealed to the Board, and, during the hearing before the Board, appellant requested that the matter be remanded for further hearings on the issue of medical causation. This request was refused, and the Board reversed the referee, finding that the medical testimony of Dr. Grace was equivocal on the issue of whether decedent had suffered a work-related injury resulting in death. An appeal was erroneously taken to the Court of Common Pleas of Susquehanna County. While that appeal was pending and within 18 months of the Board's decision, appellant filed a petition for rehearing pursuant to section 426 of the Act.[1] Appellant alleged in her petition for rehearing that after discovered evidence had become available, which evidence would show unequivocally that decedent's death was work-related. The after discovered evidence referred to in the petition for rehearing was the testimony of Dr. William H. Sewell, who had performed heart surgery on decedent in 1966, but who had not been consulted by appellant until after the hearing before the referee.

The Board acknowledged that Dr. Sewell's testimony would have been available at the time of the hearing through the exercise of due diligence. The Board granted appellant's petition for rehearing, however, stating that it

1. 77 P.S. § 871 provides, in relevant part:
   The board, upon petition of any party and upon cause shown, may grant a rehearing of any.petition upon which the board has made an award or disallowance of compensation or other order or ruling, or upon which the board has sustained or reversed any action of a referee; but such rehearing shall not be granted more than eighteen months after the board has made such award, disallowance, or other order or ruling, or has sustained or reversed any action of the referee.

was "in the interests of justice, particularly considering the difficult burden on a claimant in a death case such as ... the one here involved" to grant the petition. The employer's appeal to Commonwealth Court of the Board's grant of a rehearing was quashed as interlocutory.

The rehearing was conducted before Referee Joseph Olexy, who admitted into evidence, in addition to the testimony of Dr. Sewell, the testimony of a co-worker of decedent and the deposition testimony of the employer's medical expert. The referee awarded benefits to appellant and the Board affirmed. On appeal, Commonwealth Court, in a memorandum opinion, determined that the Board had abused its discretion in granting the petition for rehearing and ruled that the Board's original order denying benefits must stand. Quoting *Young v. Workmen's Compensation Appeal Board (Britt & Pirie, Inc.)*, 72 Pa.Commw. 471, 475, 456 A.2d 1150, 1152 (1983), Commonwealth Court stated that the Board may only grant a rehearing where there is "after discovered, noncumulative evidence which could not have been, by the exercise of ordinary diligence, produced at the original hearing." We granted appellant's petition for allowance of appeal, and we now reverse.

The Board has *broad* powers to grant a rehearing.[2] The standard against which the Board's discretion must be measured was early enunciated by Superior Court, which stated in a case similar to the case at bar:

One of the purposes of the workmen's compensation laws is to give a claimant full opportunity to present whatever competent evidence he desires to reach the merits of the case. In harmony with this liberal tendency, the courts have held that the board has broad powers to grant a rehearing *when justice requires: Kocher v. Kocher et al.*, 300 Pa. 206, 150 A. 468 [1930]; *Manley v. Lycoming*

---

**2.** The only statutory restriction upon the Board is that its discretion may be exercised "upon cause shown." 77 P.S. § 871. The appellate courts of this Commonwealth have ruled that the authority of the Board to grant a rehearing is to be liberally administered in the interest of the claimant. *Conti v. Butler Consolidated Coal Co.*, 169 Pa.Super. 276, 82 A.2d 528 (1951).

*Motors Corp.*, 83 Pa.Superior Ct. 173; *Fedak v. Dzial-dowski*, 101 Pa.Superior Ct. 346. *In Vorbnoff v. Mesta Machine Co.*, 286 Pa. 199, 133 A. 256 [1926], it is held that the *court's* duty does not extend to sending the record back for an opportunity to furnish cumulative evidence to strengthen a weak case, as the board's finding is binding on it; *but it does not hold that so long as the record is within the grasp of the board it may not order a rehearing for further testimony to be taken.* *Greeby v. Philadelphia Asbestos Co.*, 120 Pa.Super. 9, 12, 181 A. 452, 453 (1935) (emphasis added).[3]

Moreover, the Board, "upon rehearing and *without new evidence* being presented before it, may change its mind and come to a different conclusion ...", *Lieberman v. Sunray Drug Co.*, 204 Pa.Super. 348, 351, 204 A.2d 783, 784 (1964) (emphasis added), *cert. denied*, 382 U.S. 819, 86 S.Ct. 43, 15 L.Ed.2d 65 (1965). When the Board grants a petition for rehearing, the Board is unrestricted in receiving additional, competent testimony. *Serafini v. West End Coal Co.*, 131 Pa.Super. 476, 200 A. 245 (1938). Commonwealth Court is not serving the humanitarian purposes of the Act in restricting the Board's exercise of discretion, and such a restriction is particularly abhorrent when one considers that many claimants are unrepresented by counsel.

█ In addition, Commonwealth Court incorrectly imposed upon the Board the standards that are employed by

---

**3.** The decedent in *Greeby* fell while working for his employer and struck the upper part of his left arm. He died within six months of the injury from a sarcoma in his left arm. The referee awarded benefits to decedent's widow, but the Board found that there was evidence in the record to show that the sarcoma pre-existed the accident. The case was remanded to determine whether the accident at work accelerated decedent's death. Decedent's widow did not offer further evidence at the second hearing. The referee reaffirmed the award of benefits, and the Board reversed. While the case was on appeal, decedent's widow filed a petition for rehearing, "alleging that she had located several witnesses whose testimony she desired to offer." *Greeby*, 120 Pa.Super at 11, 181 A. at 453. The Board granted the petition and, following further hearings and a reaward of benefits which was upheld by the Board, Superior Court affirmed, specifically refusing to rule that the grant of rehearing was an abuse of discretion.

the *courts* in determining whether to grant a new trial on the basis of after discovered evidence. *See, e.g., Der Hagopian v. Eskandarian,* 396 Pa. 401, 153 A.2d 897 (1959) (To justify new trial, after discovered evidence must have been discovered after trial, must be such that could not have been obtained at trial by reasonable diligence, must not be cumulative or merely impeach credibility, and must be likely to compel different result), *cert. denied,* 361 U.S. 938, 80 S.Ct. 381, 4 L.Ed.2d 358 (1960). The law is well settled in this Commonwealth that rules of procedure are relaxed in workmen's compensation cases. *See, e.g., Lako v. Schlessinger,* 208 Pa.Super. 85, 220 A.2d 665 (1966). Hence, the rules of review which are employed by the courts should not be transplanted wholesale to procedures before the Board.

■ The Board herein did not abuse its discretion in granting appellant's petition for rehearing in the interests of justice. In fact, it would have been an abuse of discretion had the Board *not* granted a rehearing in that decedent, with a preexisting heart condition, was fully able to perform his job for seven hours immediately prior to his collapse. These circumstances, which strongly suggested a work-related acceleration of his death, called for a *full and complete* medical inquiry. Because the Board determined that the medical testimony presented at the first hearing was equivocal, further hearings should have been held to develop a *complete* record upon which to assess the merits of appellant's claim.

Accordingly, we reverse the order of Commonwealth Court and reinstate the Board's award of benefits to appellant.

NIX, C.J., joins the majority opinion and files a concurring opinion.

McDERMOTT and PAPADAKOS, JJ., join the majority opinion.

FLAHERTY, J., files a dissenting opinion joined by ZAPPALA, J.

STOUT, J., did not participate in the consideration or decision of this case.

NIX, Chief Justice, concurring.

Recognizing that the Workmen's Compensation Act is intended to be remedial in nature, I join the position espoused in the Opinion of the Court. All too often claimants for workmen's compensation benefits are not represented by counsel before the referee who hears evidence and makes findings of fact. The strict view of the dissent, which would permit a claimant only one opportunity to meet his or her substantial burden irrespective of the dictates of justice, is not appropriate in this area of jurisprudence.

FLAHERTY, Justice, dissenting.

This is an appeal from a memorandum opinion and order of the Commonwealth Court which reversed an order of the Workmen's Compensation Appeal Board (hereinafter Board) which had affirmed a referee's order granting a fatal claim petition filed by the appellant, Barbara Cudo. The petition alleged that appellant's husband, Lewis Cudo, died on May 17, 1979 as a result of a heart attack incurred while working in a factory operated by the appellee, Hallstead Foundry.

After a hearing on the fatal claim petition was conducted, a referee ruled that compensation was to be awarded. An appeal was taken to the Board, whereupon the compensation award was reversed, on September 4, 1980, on grounds medical evidence relied upon by the referee was equivocal as to the pivotal question of whether the death was work related.

An appeal of the Board's decision was taken, erroneously, to the Court of Common Pleas of Susquehanna County, rather than to the proper appellate court, the Commonwealth Court. It appears that before any disposition was entered with respect to the erroneously filed appeal, how-

ever, appellant filed with the Board a petition for rehearing. See 77 P.S. § 871 (Board may grant rehearing pending appeal). In that petition, it was alleged that newly discovered evidence had come to light that would warrant a new hearing before the referee.

The alleged newly discovered evidence consisted of medical testimony, relevant to the cause of death issue, to be provided by a heart specialist who had, some years previously, treated appellant's husband for heart disease. On January 8, 1981, the Board granted the petition for rehearing and remanded the case to the referee, and at the same time the Board set aside its order dated September 4, 1980 which had reversed the referee's award of benefits. Appellant was permitted, therefore, to introduce the testimony of the heart specialist at the rehearing. After receiving this testimony, the referee once again ruled that compensation was to be awarded. On August 30, 1985, the Board affirmed the referee's award. An appeal was taken to the Commonwealth Court, whereupon the Commonwealth Court reversed, holding that the Board had abused its discretion in ordering a rehearing. The instant appeal ensued.

The primary issue presented is whether the Board erred in granting a rehearing to allow presentation of the medical testimony in question. It is clear that the Commonwealth Court properly determined that the rehearing was erroneously granted.

The Board, in its opinion in support of its order granting the rehearing, expressly noted that the affidavit attached to the petition for rehearing did *not* support the assertion that the medical testimony sought to be presented was not available through the exercise of due diligence at the time of the original hearing. Further, it is to be noted that when the medical testimony was in fact introduced at the rehearing, the heart specialist giving that testimony indicated that his previous role as a treating physician for appellant's husband had been well known for a number of years, and that he might have been available in the local area to testify at the time of the original hearing. He was not consulted,

however, regarding the possibility of testifying in this case until October, 1980, approximately one year after the original hearing. Thus, there is no support in the record for the claim that the physician's testimony could not have been introduced during the first hearing in this matter.

Instead of producing the testimony of the heart specialist at the first hearing, appellant introduced the testimony of a pathologist whose knowledge of the case was based solely upon his examination of an autopsy report. The pathologist offered his opinion, which was later judged by the Board to be equivocal, on the question of whether the cause of death was work related. See *Lewis v. Commonwealth*, 508 Pa. 360, 498 A.2d 800 (1985) (medical evidence establishing causal connection between injury and work-related activity must be unequivocal in nature). Thus, it is evident that appellant chose to rely on the testimony of the pathologist to prove that the cause of death was work related, and that the decision not to call the heart specialist as a witness at the original hearing was not due to lack of knowledge as to the availability of such a witness. In short, the testimony provided by the heart specialist at the rehearing did not constitute newly discovered evidence.

In holding that the Board abused its discretion in granting a rehearing in this case, the Commonwealth Court relied upon its decision in *Young v. Workmen's Compensation Appeal Board*, 72 Pa.Commw.Ct. 471, 475, 456 A.2d 1150, 1152 (1983), wherein standards governing the disposition of petitions for rehearing were set forth as follows:

The decision of whether to grant or deny a rehearing is within the discretion of the board and our review is limited to the issue of whether a sound discretion was abused.... A rehearing petition may not be used as a vehicle for testing the merits of an unappealed decision. It is appropriate for use as a means of seeking to present after discovered, non-cumulative evidence which could not have been, by the exercise of ordinary diligence, produced at the original hearing.... However, "a rehearing

should not be allowed simply for the purpose of strengthening weak proofs which have already been presented...." *General Woodcraft & Foundry v. Workmen's Compensation Appeal Board*, 13 Pa.Commonwealth Ct. 357, 362, 318 A.2d 385, 387 (1974).

These standards accurately state the factors to be taken into account in disposing of petitions for rehearing, and, as applied to the instant case, the standards compel a conclusion that the petition for rehearing should not have been granted. See also *Posterivo v. Workmen's Compensation Appeal Board*, 73 Pa.Commw.Ct. 182, 457 A.2d 1026 (1983) (rehearing not appropriate where material sought to be added to the record was evidence that, in the exercise of ordinary diligence, could have been produced at the earlier hearing). The evidence introduced at the instant rehearing was not after discovered evidence, and the Board itself conceded this fact in its opinion supporting the grant of the rehearing. In short, the Board granted a rehearing so that appellant could present additional evidence, thereby permitting appellant to strengthen what the Board regarded as, essentially, "weak proofs which [had] already been presented." See *Young,* supra.

Under these circumstances, the rehearing should not have been granted, and the order of the Board reversing the referee's original decision awarding compensation should have remained in effect and should have been subject to appeal. As noted previously, however, an appeal of the Board's decision dated September 4, 1980 was in fact taken, though it was filed, erroneously, with the Court of Common Pleas of Susquehanna County. A controversy exists as to whether that appeal was ever disposed of in any manner. Appellant contends that the Court of Common Pleas made no disposition of the appeal, and asserts that the Board simply recalled the case in conjunction with granting a rehearing before the referee. In the memorandum opinion of the Commonwealth Court that is presently under review, however, there is a statement that the Court of Common

Pleas quashed the appeal, and there is set forth some speculation that the reason for quashing the appeal was that the Court of Common Pleas lacked jurisdiction. Appellant denies that the appeal was ever quashed. Nevertheless, on grounds that no effective appeal had ever been taken, the Commonwealth Court declined to review the question of whether the Board's order of September 4, 1980 was in error.

Doubt may certainly be entertained that the appeal was quashed for lack of jurisdiction, in view of provisions in the Pennsylvania Rules of Appellate Procedure which state that erroneously filed appeals are not to be quashed or dismissed. Pa.R.A.P. 751. Such appeals are to be transferred to the proper court having jurisdiction over the appeal, with the appeal to be treated as if originally filed in the transferee court on the date first filed in the transferor court. *Id.* Examination of the record, however, does not reveal with certainty what in fact occurred, for the official record as presented contains no documents from the Court of Common Pleas indicating whether the appeal was quashed, withdrawn, transferred, or otherwise disposed. It is perplexing that relevant appeal papers are not included in the record. Recognizing this, appellant has submitted a photocopy of what purports to be an unsigned notice from the Susquehanna County Prothonotary addressed to the Court Administrator, dated April 3, 1981, stating that, as of that date, a notice of rehearing by the Board was the last document filed in the case and stating that the case had not been praeciped for trial or otherwise disposed. Based upon this notice, it does appear that the appeal was not quashed or otherwise addressed. It is not possible, however, to determine with certainty, based on the official record in this case, whether there was any basis for the Commonwealth Court's conclusions that the appeal was quashed and that appellate review was waived.

Thus, inasmuch as the Commonwealth Court declined to address the issue of whether the order in question was

based upon an erroneous determination that the medical evidence relied upon by the referee in awarding benefits was too equivocal to be sustained, appellant has never succeeded in obtaining review of that order. If, as it appears, appellant did pursue a timely appeal of the order until such time as the Board set the order aside and granted a rehearing, then it cannot be said that appellant waived review. To hold otherwise would result in a manifest injustice, for appellant would have been afforded no opportunity to challenge the validity of the Board's original decision that became controlling when the order granting a rehearing was held by the Commonwealth Court to have been improper.

A remand to the Commonwealth Court should be ordered, therefore, to conduct a hearing or to take other measures to determine those questions left unresolved by the official record, and, if it is determined, as it appears, that appellant did pursue a timely appeal of the Board's original order until such time as the order was set aside, then Commonwealth Court should decide the issue of whether the Board's order, dated September 4, 1980, was erroneous.

Indeed, with regard to whether that order was erroneous, it is to be noted that, as was stated in the opinion authored by Mr. Justice Larsen, the medical expert presented by appellant at the time of the first hearing in this matter "testified that the stress and tensions of decedent's regular work were directly related to decedent's heart attack and resulting death." Repeatedly during his testimony, the expert stated his opinion that the employment in question aggravated the heart condition and resulted in death. For example, the testimony included the following:

Q—Is it your professional opinion then that his employment accelerated, or aggravated his heart condition resulting in his death?

A—Yes.

. . . .

Q—Would it be your opinion then that it accelerated, that his employment considering his general physical condition accelerated his death?

A—Yes.

. . . .

REFEREE: I have to know ... whether or not the stress and tensions of the decedent's regular work, the regular work which decedent performed, was directly related, or not, to his heart attack and resulting death?

A—In my opinion it was related.

In view of this clear testimony, it is difficult to understand the Board's determination, set forth in its decision dated September 4, 1980, that the testimony of the medical expert was equivocal. Likewise, there is no basis for the conclusion set forth in the opinion authored by Mr. Justice Larsen that there was need for a rehearing to conduct a "full and complete medical inquiry." Indeed, a full and complete medical inquiry had already been conducted at the time of the first hearing. If the Board erroneously deemed the testimony from that hearing to be equivocal, an appeal was the proper means of challenging the Board's determination, where the Board did not correct its error through reconsideration of the record as it then existed. Remanding to the referee, however, to permit appellant to have a second chance at producing evidence, where such evidence was available at the time of the first hearing, was without basis.

The decision reached by the majority in this case effectively opens the door to claimants having as many chances as they desire to prove their cases. The legislature surely did not intend that the Board would be permitted to grant rehearings for that purpose, and, in fact, the Board's power to grant a rehearing is expressly restricted to situations where there is "cause shown." 77 P.S. § 871. In this case, the only alleged "cause shown" was the fact that appellant wished to present new evidence, to wit, not evidence that was unavailable previously, but rather evidence that would give appellant yet another chance at a favorable determina-

tion. The Board's action in granting a rehearing on that basis was clearly erroneous.

ZAPPALA, J., joins this dissenting opinion.