573 A.2d 652

**William G. CHADWICK, Deceased, C. Patricia Chadwick, Widow, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (BENJAMIN FRANKLIN HOTEL), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Feb. 2, 1990.

Decided April 17, 1990.

Michael T. Grimes, Grimes & Grimes, for petitioner.

Joseph S. Bekelja, with him, John C. Farrell, Margolis, Edelstein, Scherlis, Sarowitz & Kraemer, for respondent, Benjamin Franklin Hotel.

Before CRAIG and PELLEGRINI, JJ., and SILVESTRI, Senior Judge.

PELLEGRINI, Judge.

C. Patricia Chadwick (Claimant), widow of William G. Chadwick (Decedent), appeals from an order of the Workmen's Compensation Appeal Board (Board), which dismissed her appeal and affirmed the Referee's decision denying her fatal claim petition pursuant to Section 301(c) of the Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 411(1) for failure to prove that Decedent's death arose in the course of his employment and was related thereto.

According to the Referee's findings, Decedent died from a fatal heart attack on May 12, 1979, while walking on the beach in Ocean City, New Jersey. Before his death, Decedent was employed by the Benjamin Franklin Hotel (Employer) as the general manager and the managing director. Decedent was responsible for the day-to-day operation of the Hotel. Decedent was paid by the Hotel, maintained his offices there, and lived in the Hotel.

Moreover, the Referee found that Decedent left the Hotel premises on May 11, 1979, to travel to his daughter's home

in Ocean City, New Jersey, for his own personal reasons. The Decedent was not directed to go to Ocean City, nor was he required to do so by his Employer. Decedent was not furthering the business of the Hotel during his stay in Ocean City. Based on Claimant's expert's testimony, the Referee determined that Decedent's fatal heart attack on the beach did not have its incipiency in anything which occurred in the performance of his duties at the Hotel, and was the result of the natural progression of his heart disease and other conditions. The Employer did not offer any medical testimony at the hearing.

Claimant filed a fatal claim petition against the Employer which the Referee denied because he found the testimony of Dr. Gill, Claimant's expert, to be equivocal on causation. On appeal, the Board found the testimony of Dr. Gill to be unequivocal on causation. By order dated November 1, 1984, the Board reversed the Referee's decision and remanded the case to the Referee to make additional findings of fact and conclusions of law consistent with their opinion. The Employer petitioned for a rehearing, and the Board subsequently issued an order dated March 26, 1985 amending their decision to allow both parties to present additional evidence. After reviewing all of the evidence, including additional medical testimony offered by both parties, the Referee again denied Claimant's fatal claim petition, this time on the basis that the testimony of the Employer's expert, Dr. Bendersky, was unequivocal on causation and Decedent's death was not related to his work. Claimant again appealed to the Board which, by order dated August 15, 1989, affirmed the Referee's decision and dismissed Claimant's appeal.

The propriety of the Board in granting Employer's request for a rehearing must now be considered. Section 871 of the Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 871 provides, *inter alia:*

> The board, upon petition of any party and upon cause shown, may grant a rehearing of any petition upon which

the board has made an award or disallowance of compensation or other order or ruling, or upon which the board has sustained or reversed any action of a referee; but such rehearing shall not be granted more than eighteen months after the board has made such award, disallowance or other ruling, or has sustained or reversed any action of the referee.

■ The Board has broad powers to grant a rehearing and is mandated to do so when justice requires. *Cudo v. Hallstead Foundry, Inc.*, 517 Pa. 553, 539 A.2d 792, 794 (1988). We have previously held that there is "cause shown" for the Board to grant a rehearing when there has been ineffective counsel, *Bickel v. Workmen's Compensation Appeal Board (Williamsport Sanitary Authority and Hartford Insurance Group)*, 114 Pa.Commonwealth Ct. 333, 538 A.2d 661 (1988); where the Board has misapplied the law in light of a subsequent court decision, *Babcock and Wilcox Construction Co., Inc. v. St. John*, 48 Pa.Commonwealth Ct. 1, 408 A.2d 915 (1979); and when a party has not been given an opportunity to present a case or when newly discovered evidence can be produced, *General Woodcraft and Foundry v. Workmen's Compensation Appeal Board (Besco)*, 13 Pa.Commonwealth Ct. 357, 318 A.2d 385 (1974).

■ Even with the broad powers the Board has to order rehearings, the reason advanced by the Employer does not even meet the most lenient standard in determining if "cause shown" has been met. The only reason Employer gave in its petition for rehearing for not producing any evidence at the original hearing and requesting a rehearing was because "it was convinced that the claimant did not meet her medical burden of proof on the basis that the testimony of Dr. Gill was equivocal." "Cause shown" is not an error in trial tactics or over-confidence. Neither justice nor the administration of justice is served by the Board granting a rehearing.

Because the Board improperly granted a rehearing, we are now confronted with whether we reach the issue of the

sufficiency of medical testimony or remand to the Board to issue a decision in accordance with this order from which then presumably the employer can appeal. When the Board granted the rehearing, that precluded the Employer from taking an appeal from the Board's decision that Claimant's expert's medical testimony was unequivocal. Nor could Claimant appeal the Board's grant of a rehearing because remands and rehearing orders are interlocutory and unappealable. *Murhon v. Workmen's Compensation Appeal Board (Berylco)*, 51 Pa.Commonwealth Ct. 214, 414 A.2d 161 (1980); *Hallstead Foundry v. Workmen's Compensation Appeal Board (Cudo)*, 66 Pa.Commonwealth Ct. 445, 445 A.2d 254 (1982). The reason behind the unappealability of these decisions is that judicial economy is served by considering all issues in a single appeal. To advance this interest, as well as to resolve a matter that has been fully briefed and in litigation since 1982, we will examine the correctness of the Board's initial decision concerning the sufficiency of Claimant's medical testimony.

In this case, Decedent suffered a fatal heart attack as he walked along the beach while visiting his daughter in Ocean City. The causal connection between the heart attack on the beach and Decedent's job was not obvious, and, therefore, required unequivocal medical testimony to prove the connection. Claimant offered the medical testimony of Dr. Gill, who opined that Decedent's work commitments contributed to the progressive worsening of his heart disease. However, he also testified that Decedent had serious heart problems and diabetes which preexisted his fatal heart attack. (R. 7). Additionally, he stated, "I can't swear that it (his job) caused it (the fatal attack) because he had plenty of disease to kill him." (R. 71a).

The Referee found that this quoted portion of Dr. Gill's testimony made his entire testimony equivocal on the issue of causation and denied benefits. The Board found that the Referee erred as a matter of law because he failed to look at the testimony of Dr. Gill as a whole, and ignored his testimony which proved unequivocally that Decedent died

while in the course of his employment. We find that the Board erred in determining that Dr. Gill's testimony was unequivocal on the issue of causation.

Claimant would like this court to believe that the Referee simply lifted the above-quoted line from Dr. Gill's testimony to find the entire testimony equivocal on causation. However, Dr. Gill indicated at the beginning of his testimony that Decedent had a history of obesity, diabetes, high blood pressure and atrial fibrillation and was taking medication for these diseases. (R. 7). He also stated that because Decedent had diabetes, he was considered a high risk candidate for sudden cardiac death. (R. 80a). Twice during the testimony, Dr. Gill made statements that Decedent had "plenty of heart disease" which could have been the cause of his death. (R. 72a, 82a).

Unequivocal testimony is capable of being understood in only one way. Equivocal testimony is vague and leaves doubt. Clearly, this is a case where the Decedent's own treating physician could not and did not unequivocally state that Decedent's work activities were the cause of his fatal heart attack. Recognizing the testimony of a medical expert must be considered as a whole and does not require complete certainty, *Lyons Transportation Lines v. Workmen's Compensation Appeal Board (Pogany)*, 84 Pa.Commonwealth Ct. 546, 480 A.2d 358 (1984), we find that Dr. Gill's testimony was replete with statements that contradicted the alleged fact that Decedent's work activities caused his death.

Our scope of review is limited to determining whether the findings of fact were supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated. *Williams v. Workmen's Compensation Appeal Board (Montgomery Ward)*, 127 Pa.Commonwealth Ct. 587, 562 A.2d 437 (1989). Because the Board improperly found Dr. Gill's testimony unequivocal on causation, we conclude the Board committed an error of law by granting Claimant benefits.

Accordingly, for the reasons set forth in this opinion, we reverse both the Board's order dated November 1, 1984, sustaining Claimant's appeal and its amended order dated March 26, 1985, granting a rehearing, and vacate the Board's order dated August 15, 1989, dismissing Claimant's second appeal.

President Judge CRUMLISH, Jr. did not participate in the decision in this case.

## ORDER

AND NOW, this 17th day of April, 1990, the order of the Workmen's Compensation Appeal Board, dated November 1, 1984, No. A–86253, and as amended, dated March 26, 1985, No. A–86253, is reversed, and the order dated August 15, 1989, No. A–94821, is vacated.