581 A.2d 245

**Intonio DOMINIJINNI, Petitioner,**

**v.**

**WORKMEN'S COMPENSATION APPEAL BOARD (DeCARLO), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 6, 1990.

Decided Sept. 18, 1990.

Reargument Denied Nov. 8, 1990.

Rames J. Bucci, Philadelphia, for petitioner.

Raymond J. Quaglia, Philadelphia, for respondent.

Before PALLADINO and BYER, JJ., and BARBIERI, Senior Judge.

BARBIERI, Senior Judge.

Intonio Dominijinni (Employer) petitions this Court to review an order of the Workmen's Compensation Appeal Board (Board) which denied his petition for a rehearing. We affirm.

Employer is a bricklayer. In addition to being employed by a building contractor, Employer does small jobs on his own. Employer hired Stephen DeCarlo (Claimant) to help him with these small jobs as a laborer. Claimant's job duties included mixing cement, handing bricks to Employer, and putting the tools away at the end of the day.

On August 9, 1980, as Claimant was putting the tools away in Employer's truck at the end of the day, he picked up Employer's shirt which was lying on the front seat of the truck so that he could brush debris off the seat. Unbeknownst to Claimant, Employer had a loaded gun wrapped in his shirt. When Claimant grabbed the shirt, the gun fell on the ground and discharged. Claimant was hit by the flying bullet in the right side of his jaw, causing injuries to his mouth, teeth, and cervical spine.

On July 14, 1983, Claimant filed a claim petition alleging disability due to the gunshot wound which he suffered during the course of his employment. After a series of hearings, the referee granted benefits to Claimant because 1) the employment relationship between Employer and Claimant was more than just a casual relationship, thereby establishing Employer as Claimant's employer pursuant to Section 103 of The Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 21; and 2) Claimant satisfied his burden of proving that he sustained a compensable injury on August 9, 1980. Accordingly, the

referee ordered Employer to pay Claimant for total disability at the rate of $200.00 per week from August 9, 1980 through May 6, 1982. Additionally, Employer was ordered to pay Claimant's medical expenses and litigation costs.

Employer appealed to the Board arguing that the referee erred in awarding benefits to Claimant since Claimant was not Employer's employee and since there was evidence of record to support Employer's contention that Claimant was not accidentally shot but, rather, shot himself with Employer's gun in an attempt to commit suicide.[1]  On September 7, 1989, the Board dismissed Employer's appeal and affirmed the decision of the referee because it found the referee's findings of fact supported by substantial, competent evidence.[2]

Employer never appealed the Board's September 7, 1989 order.  Instead, Employer filed a petition for a rehearing. In this petition, Employer argued that his case should be reheard for the following reasons:

1.  Employer was not advised by his attorney that he could submit evidence to rebut Claimant's testimony;

2.  Employer did not fully present his case to the referee because his lack of understanding of the English language caused him not to know what was going on during the referee's hearing.

3.  Neither Claimant nor Employer produced any medical testimony in the case regarding the cause of Claimant's injury.

In addition, Employer attached numerous exhibits to his petition for a rehearing.  Employer attached his own affidavit as well as the affidavit of his wife in which both swore that Claimant knew about Employer's gun being on the front seat of Employer's truck on August 9, 1980, because before going to their job site that day, Employer showed

1.  According to Section 301(a) of the Act, 77 P.S. § 431, workers' compensation benefits are not to be awarded in cases where a claimant's injury is intentionally self inflicted.

2.  Additionally, the Board noted in its opinion that it found no evidence in the record to support Employer's theory that the shooting was a suicide attempt.

the gun to Claimant, explained how it operated, and then wrapped his clean shirt around it and placed it on the front seat of the truck. Employer also attached medical records to his petition which allegedly support his contention that Claimant attempted suicide.[3] Specifically, Employer argued that the medical records support his proposition that Claimant shot himself because the records reflect that the bullet which injured Claimant did not penetrate through the external right side of Claimant's face but, rather, entered through Claimant's mouth. Finally, Employer attached a medical report from Dr. Mattei in which Dr. Mattei states that after reviewing all the medical records supplied to him, he is of the opinion that the bullet which caused Claimant's injuries entered Claimant's body through his mouth.

On January 19, 1990, the Board denied Employer's petition for rehearing. In reaching its decision to deny Employer's petition, the Board stated:

> Our review of the Petition for Rehearing does not disclose a request to hear after discovered evidence. Rather, the request is an attempt to re-litigate evidentiary points already considered by the Referee and is based entirely on evidence which was available and could have been presented to the Referee at the original proceedings. A rehearing is not allowable simply for the purpose of strengthening weak proofs or for the purpose of hearing additional testimony which is merely cumulative. We note that the granting or denying of a rehearing is within the discretion of this Board. In the instant case we do not believe the Defendant has set forth the necessary allegations to warrant a rehearing. (Citations omitted.)

Thereafter, Employer petitioned this Court to review the Board's January 19, 1990 order denying his request for a rehearing.

■ We first note that in his brief to this Court, Employer erroneously lists the Board's September 7, 1989 order as one of the orders before us on review. Employer never

---

3. These medical records had already been entered into evidence as Claimant's Exhibit No. 2.

petitioned this Court to review the Board's September 7, 1989 order. Not having sought review of this order in a timely fashion,[4] Employer may not now contest its propriety in this proceeding. *See Douglas v. Workmen's Compensation Appeal Board (Bethlehem Mine Co.)*, 32 Pa.Commonwealth Ct. 156, 377 A.2d 1300 (1977). As we stated in *Young v. Workmen's Compensation Appeal Board (Britt & Pirie, Inc.)*, 72 Pa.Commonwealth Ct. 471, 475, 456 A.2d 1150, 1152 (1983), "[a] rehearing petition may not be used as a vehicle for testing the merits of an unappealed decision." Consequently, the only issue before this Court at this time is whether the Board, in its decision dated January 19, 1990, erred in denying Employer's petition for a rehearing.

Under Section 426 of the Act, 77 P.S. § 871,[5] the decision of whether to grant or deny a rehearing is within the discretion of the Board. This Court's scope of review of Board rehearing decisions is therefore limited to whether that discretion was abused. *Anderson v. Workmen's Compensation Appeal Board (Myers)*, 51 Pa.Commonwealth Ct. 582, 414 A.2d 774 (1980).

As this Court stated in *Chadwick v. Workmen's Compensation Appeal Board (Benjamin Franklin Hotel)*, 132 Pa.Commonwealth Ct. 525, 529, 573 A.2d 652, 654–655 (1990):

> The Board has broad powers to grant a rehearing and is mandated to do so when justice requires. *Cudo v.*

**4.** Filing a petition for a rehearing did not toll the time in which Employer had to petition this Court to review the merits of the Board's September 7, 1989 decision. *See Douglas v. Workmen's Compensation Appeal Board (Bethlehem Mine Co.)*, 32 Pa.Commonwealth Ct. 156, 377 A.2d 1300 (1977). According to Pennsylvania Rule of Appellate Procedure 1512, the appeal period for this type of case is thirty days.

**5.** Section 426 of the Act, 77 P.S. § 871, provides, *inter alia:*
> The board, upon petition of any party and upon cause shown, may grant a rehearing of any petition upon which the board has made an award or disallowance of compensation or other order or ruling, or upon which the board has sustained or reversed any action of a referee; but such rehearing shall not be granted more than eighteen months after the board has made such award, disallowance or other ruling, or has sustained or reversed any action of the referee.

*Hallstead Foundry, Inc.*, 517 Pa. 553, 539 A.2d 792 (1988). We have previously held that there is "cause shown" for the Board to grant a rehearing when there has been ineffective counsel, *Bickel v. Workmen's Compensation Appeal Board (Williamsport Sanitary Authority and Hartford Insurance Group)*, 114 Pa.Commonwealth Ct. 333, 538 A.2d 661 (1988); where the Board has misapplied the law in light of a subsequent court decision, *Babcock and Wilcox Construction Co., Inc. v. St. John*, 48 Pa.Commonwealth Ct. 1, 408 A.2d 915 (1979); and when a party has not been given an opportunity to present a case or when newly discovered evidence can be produced, *General Woodcraft and Foundry v. Workmen's Compensation Appeal Board (Besco)*, 13 Pa.Commonwealth Ct. 357, 318 A.2d 385 (1974).

■ Here, none of the evidence which Employer attached to his petition for rehearing qualifies as after-discovered evidence. Indeed, the affidavits from Employer and his wife as well as the medical report of Dr. Mattei could have been, with the exercise of ordinary diligence, produced at the original hearing in this matter.[6] Where the evidence sought to be introduced at a requested rehearing was readily available at the time of the original hearings, the Board's denial of a rehearing is not an abuse of discretion. *Douglas.*

■ Moreover, we find no evidence in the record to support Employer's contention that the attorney who represented him during his hearing before the referee was incompetent and, therefore, ineffective. Employer was given an opportunity to advance his theory of the case when he testified. Instead, when testifying, Employer sought only to establish that Claimant was outside the scope of his employment when he was injured. In any event, as previously noted, some medical records which allegedly support

6. We note here that medical testimony regarding the cause of Claimant's injury was not necessary in this case. Claimant, himself, testified as to how he was shot and the referee accepted this testimony as truthful.

Employer's theory of attempted suicide were submitted into evidence as Claimant's exhibits. Where the record, as here, does not support Employer's characterization of his prior attorney's representation, the Board's denial of a rehearing is not an abuse of discretion. *Johnson v. Workmen's Compensation Appeal Board (Bernard S. Pincus Co.),* 14 Pa.Commonwealth Ct. 220, 321 A.2d 728 (1974).

■ Finally, Employer's argument that he did not present his entire case to the referee because of his lack of understanding of the English language is without merit. Employer used an interpreter when he testified before the referee. Through the interpreter, Employer had the opportunity to present his theory as to how Claimant's injury occurred. Since Employer did not advance his argument even though he had the opportunity to do so, justice did not require that the Board grant Employer a rehearing.

As the Board did not abuse its discretion in denying Employer a rehearing, we affirm its decision.

## ORDER

AND NOW, this 18th day of September, 1990, the order of the Workmen's Compensation Appeal Board is hereby affirmed.

BYER, Judge, concurring.

I join in the majority opinion, but write separately to emphasize the very narrow scope of review in this case which results from employer's having filed a petition for rehearing rather than an immediate appeal to this court.

As noted in the majority opinion, employer did not appeal the September 7, 1989 decision of the Workmen's Compensation Appeal Board. Instead, employer filed a petition for rehearing on October 11, 1989. Curiously, this was two days after expiration of the thirty-day appeal period under

Pa.R.A.P. 1512(a)(1)[1] but well within the eighteen-month period for filing a rehearing petition under section 426 of the Workmen's Compensation Act, 77 P.S. § 871.

There is nothing in the briefs or in the record explaining why employer filed a petition for rehearing before the board rather than a petition for review appealing directly to this court from the September 7, 1989 decision. I cannot discern any valid basis for such a deliberate procedural choice by employer. That deliberate procedural choice has profound consequences for our subsequent appellate review.

On direct appeal from a decision of the board, we may review the decision for legal error or to determine if findings of fact are supported by substantial evidence.[2] Although this standard of review might, on occasion, be described as narrow, it is much broader than our scope of review of a decision by the board to deny a petition for rehearing.

As emphasized in the majority opinion, the decision of the board to grant or deny a rehearing is highly discretionary. Notwithstanding the fact that the board is not limited by the same stringent standards as govern a motion for new trial based upon after-discovered evidence in a civil action,[3] it nevertheless would be a relatively rare case where the board's denial of a rehearing would be reversible error.

The important point for practitioners to recognize is that a petition for rehearing under section 426 of the act, 77 P.S. § 871, is not the functional equivalent of a motion for post-trial relief in a civil action under Pa.R.C.P. 227.1. The filing of a petition for rehearing is not a procedural condition precedent to the filing of a direct appeal to this court. As noted in the majority opinion, even where a petition for

1. The thirtieth day, October 7, 1989, was a Saturday, so the last day for appeal would have been the following Monday, October 9, 1989. Pa.R.A.P. 107; 1 Pa.C.S. § 1908.

2. 2 Pa.C.S. § 704.

3. See Cudo v. Hallstead, 517 Pa. 553, 539 A.2d 792 (1988).

rehearing is filed within thirty days of the board's decision, it does not toll the thirty-day appeal period.[4]

Because of the great impact on our standard of review, parties would be well-advised not to file a petition for rehearing before the board in lieu of a direct appeal to this court. In a situation where a party believes it has grounds for a rehearing, such as the discovery of previously unavailable evidence within thirty days of the original order, it would be advisable nevertheless for that party to file both the petition for rehearing as well as an appeal within thirty days of the original decision. By filing both, the right to direct appeal is preserved even if the board ultimately denies rehearing. If the board grants rehearing within thirty days of the original order, then it renders the appeal "inoperative" and the time for appeal begins to run anew once the board enters its final decision on rehearing. Pa.R. A.P. 1701(b)(3).[5]

I do not suggest that the result in this case would have been different if employer had appealed the original decision. I merely emphasize the procedural posture of this case in the hope it will help practitioners avoid this procedural trap in cases where it might affect the outcome.

---

4. The time for appeal would be tolled only where the board expressly grants a reconsideration or rehearing within the original thirty-day period. Pa.R.A.P. 1701(b)(3).

5. The act is somewhat unique, in that it permits the board to grant a rehearing up to eighteen months after the issuance of its final decision. 77 P.S. § 871. If the board grants the rehearing more than 30 days after the original decision but while an appeal is pending in our court, our practice is to remand the appeal to the board.