**CENTRAL PARK LODGE, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (ROBINSON), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 24, 1998.
Decided Aug. 20, 1998.
Reargument Denied Oct. 13, 1998.

Cheryl Ann Yanni and Audrey E. Timm, Blue Bell, for petitioner.

Brian R. Steiner, Philadelphia, for respondent.

Before FLAHERTY and LEADBETTER, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

The issue on appeal is whether there is substantial, competent evidence to support the Workers' Compensation Judge's (WCJ's) conclusion that Alice Robinson (Claimant) is completely recovered from her work-related disabilities. Because there is not, the decision of the Workmen's Compensation Appeal Board (Board), which reversed the WCJ's grant of a Petition for Termination, is affirmed.

The relevant facts are as follows. On November 25, 1986, Claimant was injured while working for Central Park Lodge (Employer) when a metal grate fell and struck her on the head. By decision dated March 22, 1990, Claimant was awarded total disability benefits under the Workers' Compensation Act.[1] In awarding benefits, the WCJ made the following Findings of Fact:

9. It was Dr. Nelson's opinion that as of the date of Claimant's initial examination, Claimant suffered a concussion, was suffering from a post-concussion syndrome and also [suffered neck and back injuries.]

\* \* \*

13. The Referee has compared the medical evidence adduced in this case and is more persuaded by Dr. Nelson's opinions than by [those of Employer's medical expert.]

14. The Referee finds the Claimant to be credible and based on the medical record and said credible testimony finds that the Claimant injured her head, neck, and back...."

On October 30, 1991, Employer filed a Petition for Termination and a Petition to Review Medical Treatment, alleging that Claimant was fully recovered from her work injury as of October 9, 1991, the date on which she was examined by Employer's physician, Dr. Steven Valentino, and that any medical treatment rendered after that date was unreasonable and unrelated to Claimant's work injury. Claimant denied Employer's allegations, and a hearing was held before a WCJ.[2]

---

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1041.4.

2. The WCJ presiding over the termination proceeding was not the same one who presided over the initial claim proceeding.

At the hearing, Employer offered the deposition testimony of Dr. Valentino, who opined that Claimant was fully recovered from her November 25, 1986 work injury and required no additional medical care. The WCJ accepted Dr. Valentino's testimony as credible and persuasive and concluded that Claimant was completely recovered from her work-related injuries as of October 9, 1991, although neither Dr. Valentino nor the WCJ addressed Claimant's head injury, and also concluded that any medical treatment received by Claimant after that date was unnecessary. Accordingly, the WCJ granted Employer's Petition for Termination and Petition to Review Medical Treatment.

Claimant appealed to the Board, which reversed the WCJ's grant of the Petition for Termination because Dr. Valentino's testimony only addressed Claimant's neck and back injuries and failed to address Claimant's head injury (i.e., her concussion and post-concussion syndrome).[3] As such, the Board held that Dr. Valentino's testimony was insufficient as a matter of law to support the termination of Claimant's benefits.

On appeal,[4] Employer argues that Dr. Valentino's testimony was sufficient, even though he failed to address Claimant's head injury, because Claimant never complained of a head injury while being examined by Dr. Valentino and because Claimant's own medical experts offered no testimony concerning the head injury.

■ In a termination proceeding, however, a claimant has *no burden to prove anything* and, having already established the right to benefits, the benefits must remain in effect unless *the employer* proves that a termination of the claimant's benefits is warranted. *Dickson v. Workmen's Compensation Appeal Board (Unico Construction Company, PMA Group)*, 676 A.2d 1321 (Pa. Cmwlth.1996), *appeal denied*, 546 Pa. 696, 687 A.2d 380 (1997); *Giant Eagle, Inc. v. Workmen's Compensation Appeal Board*

*(Chambers)*, 161 Pa.Cmwlth. 35, 635 A.2d 1123 (1993). The burden of proof is entirely on the employer, which must prove that *all* of the claimant's work-related disability has ceased. *Metropolitan Ambulance, Inc. v. Workers' Compensation Appeal Board (Walker)*, 702 A.2d 881 (Pa.Cmwlth.1997); *Dickson; Giant Eagle.*

■ In this case, it was conclusively established in the 1990 Claim Petition proceeding that Claimant was disabled due to work-related injuries to her neck, back, *and head,* with the head injuries involving a concussion and post-concussion syndrome. In order to terminate Claimant's benefits, Employer was required to prove that Claimant was completely recovered from *all* of these injuries, including the head injuries. Because Employer's medical expert, Dr. Valentino, completely failed to address Claimant's head injury, his testimony is insufficient as a matter of law. The WCJ's decision to terminate Claimant's benefits is therefore not supported by substantial evidence.

Accordingly, the order of the Board is affirmed.

### ORDER

AND NOW, this 20th day of August, 1998, the order of the Workers' Compensation Appeal Board in the above-captioned matter is hereby affirmed.

LEADBETTER, J., dissents.

---

**3.** Regarding the Petition to Review Medical Treatment, the Board remanded to the WCJ for a determination of whether Claimant required ongoing medical care due to her head injury.

**4.** Our review is limited to determining whether constitutional rights have been violated or errors of law committed and whether necessary findings of fact are supported by substantial evidence. *Volterano v. Workmen's Compensation Appeal Board,* 536 Pa. 335, 639 A.2d 453 (1994).