Yvonne LEE, Petitioner,

v.

WORKERS' COMPENSATION APPEAL BOARD (KEYSTONE INSURANCE COMPANY and American Manufacturers Mutual Insurance Company), Respondents.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 29, 1999.

Decided June 10, 1999.

Michael P. McDonald, Philadelphia, for petitioner.

Eric S. Scher, Philadelphia, for respondent.

Before McGINLEY, J., and FLAHERTY, J. and RODGERS, Senior Judge.

FLAHERTY, Judge.

Yvonne Lee (Claimant) petitions for review from an order of the Workers' Compensation Appeal Board (Board) which affirmed the decision of a Workers' Compensation Judge (WCJ) granting the termination petition filed by Keystone Insurance Company (Employer). We reverse.

On May 29, 1991, Claimant suffered an injury to her right shoulder, back and upper arm while in the course and scope of her employment with Employer. Pursuant to a notice of compensation payable (NCP) issued by Employer, Claimant began receiving weekly benefits.

On November 25, 1991, Employer filed a termination petition alleging that as of October 1991, Claimant had fully recovered from her work related injuries. In support of its petition, Employer presented the medical deposition of Dr. Bong S. Lee, who examined Claimant and opined that she had fully recovered from her work-related injuries. Claimant presented the deposition testimony of Dr. Corey Ruth, who testified that Claimant was unable to perform her regular job duties due to her work-related injuries. The WCJ credited the testimony of Dr. Lee and granted Employer's termination petition, finding that Claimant had fully recovered from her work related injuries. On appeal the Board affirmed.[1]

On appeal before this court, the only issue before us is whether the WCJ and Board erred in granting Employer's termination petition, as Dr. Lee, whose testimony the WCJ relied upon, failed to examine the Claimant's shoulder, yet opined that she had fully recovered from her work-related injuries.

Claimant maintains that this case is governed by our recent decision in *Central Park Lodge v. Workers' Compensation Appeal Board (Robinson)*, 718 A.2d 368 (Pa. Cmwlth.1998). We agree. In that case, the claimant sustained a work-related injury and was awarded benefits for injuries to her head, neck and back. The employer subsequently filed a termination petition and offered the deposition testimony of Dr. Valentino who opined that the claimant had fully recovered from her work injury. The WCJ accepted Dr. Valentino's testimony as credible and granted the termination petition. On appeal, the Board reversed because "Dr. Valentino's testimony only addressed [the][c]laimant's neck and back injuries and failed to address [the][c]laimant's head injury (i.e., her concussion and post-concussion syndrome)." *Id.* at 370. Hence, the Board concluded that Dr. Valentino's testimony was insufficient to support the termination of Claimant's benefits.

On appeal to this court, the employer argued that Dr. Valentino's testimony was sufficient because although he never addressed the claimant's head injury, the claimant never complained of a head injury while being examined by him. This court disagreed stating that in a termination proceeding, the burden of proof is on the employer who must prove that all of the claimant's work-related disability has ceased. *Id.* Because Dr. Valentino did not address the claimant's head injury, his testimony was insufficient as a matter of law to prove that the claimant had recovered from all of her injuries. As such, we affirmed the Board.

In this case, the NCP issued by Employer specifically listed Claimant's injuries as "right shoulder, back, upper part of arm."[2] (R.R. at 3a.) However, Dr. Lee in examining and opining that Claimant had fully recovered from her work-related injuries, did not examine Claimant's upper extremities, including her shoulder. Although Claimant did not complain of pain in her shoulder on the date of examination, such is irrelevant in light of *Central Park Lodge.*[3] In a termination

---

1. Our review is limited to determining whether constitutional rights were violated, whether an error of law was committed or whether necessary findings of fact are supported by substantial evidence. *Manolovich v. Workers' Compensation Appeal Board (Kay Jewelers, Inc.)*, 694 A.2d 405 (Pa.Cmwlth.1997).

2. Dr. Lee also had in his possession Claimant's medical records which detailed an injury to Claimant's right shoulder. (R.R. at 24a.)

3. We note that although Dr. Lee testified that *many soft tissue injuries, such as Claimant's* shoulder injury, usually resolve by themselves in three to six weeks, and although Claimant did not complain of shoulder pain during the examination, we emphasize that Dr. Lee did not examine Claimant's shoulder and therefore had an insufficient basis for determining that "her shoulder injury must be resolved ...." (R.R. at 29a, 30a.) *See Viwinco v. Workmen's Compensation Appeal Board (Horner)*, 656 A.2d 566 (Pa.Cmwlth.1995)(opinion of doctor who failed to review the claimant's

petition, a claimant has no burden, and having already established a right to benefits, the benefits remain in place until the employer proves that a termination of benefits is warranted. *Id.*

■ Employer argues that Dr. Lee's failure to examine Claimant's shoulder is harmless error because Dr. Ruth, Claimant's treating physician, testified that as of November 1992, Claimant had recovered from her right shoulder injury. (R.R. at 74a.) As such, Employer maintains that the WCJ's finding that Claimant recovered from her work-related injuries, including the injury to her shoulder, is supported by substantial evidence. Although Dr. Ruth testified that Claimant recovered from her shoulder injury, the WCJ specifically rejected the testimony of Dr. Ruth. (WCJ's F.F. No. 19.) As such, contrary to Employer's testimony, there is no substantial evidence, credited by the WCJ, to support the finding that Claimant recovered from her work-related injury.

Accordingly, the order of the Board is reversed.

Senior Judge RODGERS dissents.

## ORDER

NOW, June 10, 1999, the order of the Workers' Compensation Appeal Board at No. A96–1484, dated August 31, 1998, is reversed.

medical records and failed to reference effect of intervening injuries lacked a factual basis

**D.P., Petitioner,**

v.

and was insufficient to support a finding.)