IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Constantine Mitoulis,                  :
                                       :
                    Petitioner         :
                                       :
          v.                           :  No. 991 C.D. 2018
                                       :  Argued:  June 5, 2019
Workers' Compensation Appeal           :
Board (Sunrise Senior Living           :
Management, Inc.),                     :
                                       :
                    Respondent         :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE ELLEN CEISLER, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                    FILED:  April 27, 2020


          Constantine Mitoulis (Claimant) petitions for review of the June 20, 2018 order of the Workers' Compensation Appeal Board (Board), which affirmed the order of a workers' compensation judge (WCJ) granting, in part, the termination petition filed by Sunrise Senior Living Management, Inc. (Employer). On appeal, Claimant argues that an order granting partial termination is contrary to well-settled law.  For the following reasons, we reverse in part and affirm in part.

Claimant suffered a work injury on September 24, 2010, in the nature of a low back and buttocks sprain and adjustment disorder with anxiety and depressive features. WCJ's Finding of Fact No. 1. On November 15, 2013, the parties executed a Compromise and Release Agreement (C&R), settling the indemnity portion of the claim and providing that Employer remained liable for medical expenses causally related to the accepted physical and psychological injuries. Reproduced Record (R.R.) at 12a-24a.

On June 20, 2016, Employer filed a termination petition alleging that Claimant had fully recovered from his work injuries. R.R. at 25a-28a. Claimant filed an answer denying those allegations and requesting reasonable contest attorney's fees in accordance with Section 440 of the Workers' Compensation Act (Act).[1] The matter was assigned to a WCJ for hearings.

In support of its petition, Employer presented the deposition testimony of Robert Cohn, M.D., who is board certified in psychiatry and neurology. Based on his May 23, 2016 examination of Claimant and his review of Claimant's medical records, Dr. Cohn opined that Claimant had fully recovered from his psychiatric injury of adjustment disorder with mixed anxiety and depression. Dr. Cohn found that Claimant continued to struggle with anxiety. However, Dr. Cohn believed that Claimant's anxiety stemmed from severe obsessive-compulsive disorder (OCD), which predated and was unrelated to the work injury.

Claimant presented the deposition testimony of his treating psychologist, Brian Raditz, Ed.D. Dr. Raditz has been treating Claimant for chronic pain, as well as for obsessive-compulsive behavior and depression. Dr.

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, added by section 3 of the Act of February 8, 1972, 77 P.S. §996.

Raditz testified that Claimant's depression, anxiety, and medical condition had not changed during the two years he has been seeing Claimant. He disagreed with Dr. Cohn's opinion that Claimant had recovered from his adjustment disorder with depression and anxiety, and he believed that Claimant's OCD was causally related to the work injury.

Claimant testified that he was injured on September 24, 2010, when he slipped and fell while getting out of a bus. He denied having any treatment, medications, or symptoms of anxiety or depression prior to the work injury. According to Claimant, he began noticing those symptoms three to four weeks later. Claimant stated that while he was unable to get out of bed due to the work injury, he developed rituals, such as making lists. He explained that he repeatedly checked to be sure he had certain items with him, and he constantly checked the stove, faucets, door, and telephones. Claimant testified that he continued to experience anxiety and depression and saw Dr. Raditz biweekly to address those symptoms as well as his compulsive behavior.

Citing Claimant's demeanor and his medical records, the WCJ rejected Claimant's testimony as not credible. The WCJ found Dr. Cohn's testimony more credible and persuasive than the testimony of Dr. Raditz and accepted Dr. Cohn's opinion that Claimant had recovered from his adjustment disorder with anxiety and depressive features. However, the WCJ rejected Employer's assertion that Claimant was recovered from his low back and buttocks sprain as unsupported by any evidence.

Based on these findings, the WCJ concluded that Employer proved Claimant had fully recovered from his psychological injuries but remained liable

3

for medical treatment for the recognized physical injury. By order dated June 12, 2017, the WCJ granted Employer's termination petition "in part." R.R. at 35a.

Claimant appealed to the Board, arguing that termination is properly granted only where an employer establishes that the claimant fully recovered from all recognized work injuries. The Board rejected Claimant's argument and affirmed the WCJ's decision.

On appeal to this Court,[2] Claimant does not challenge the WCJ's findings or conclusions, including the WCJ's determination that he fully recovered from the accepted psychological conditions. However, Claimant argues that the WCJ committed an error of law in ordering a partial termination of benefits. Claimant maintains that this award disregards long-standing precedent, which holds that a termination of benefits is appropriate only where the employer proves that a claimant is fully recovered from *all* recognized work injuries. Claimant asserts that departing from this body of law will force claimants to defend against multiple termination petitions on a piecemeal basis. Claimant also contends that Employer should have pursued relief by way of utilization review (UR), which addresses the reasonableness and necessity of medical treatment.[3]

---

[2] Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. *Milner v. Workers' Compensation Appeal Board (Main Line Endoscopy Center)*, 995 A.2d 492, 495 n.2 (Pa. Cmwlth. 2010).

[3] Section 306(f.1) of the Act, 77 P.S. §531. In relevant part, Section 306(f.1) provides:

> (5) The employer or insurer shall make payment and providers shall submit bills and records in accordance with the provisions of this section. All payments to providers for treatment provided pursuant to this act shall be made within thirty (30) days of receipt of such bills and records unless the employer or insurer disputes

**(Footnote continued on next page…)**

4

In response, Employer asserts that under the facts of this case, where liability for wage loss was settled by way of a C&R and Claimant's recognized work injuries are entirely distinct, a "partial termination" award was proper. Employer argues that it should not remain responsible for Claimant's mental health treatment where that discrete injury has resolved. Employer also asserts that while UR addresses the reasonableness and necessity of treatment, the issue here was not a challenge to specific treatment.

We take this opportunity to correct the misconceptions evident in the decisions below. It is by now well-settled law that a termination petition is properly granted upon proof that *all* disability has ceased. *Lewis v. Workers' Compensation Appeal Board (Giles & Ransome, Inc.)*, 919 A.2d 922, 926 (Pa. 2007); *Daniels v. Workers' Compensation Appeal Board (Tristate Transport)*, 753 A.2d 293, 297 (Pa. Cmwlth. 2000). We discern no basis in our case law for a

**(continued…)**

the reasonableness or necessity of the treatment provided pursuant to paragraph (6). The nonpayment to providers within thirty (30) days for treatment for which a bill and records have been submitted shall only apply to that particular treatment or portion thereof in dispute; payment must be made timely for any treatment or portion thereof not in dispute. . . .

(6) Except in those cases in which a workers' compensation judge asks for an opinion from peer review under [S]ection 420, disputes as to reasonableness or necessity of treatment by a health care provider shall be resolved in accordance with the following provisions:

(i) The reasonableness or necessity of all treatment provided by a health care provider under this act may be subject to prospective, concurrent or retrospective utilization review at the request of an employe, employer or insurer. The department shall authorize utilization review organizations to perform utilization review under this act.

5

"partial termination of benefits." Importantly, however, and contrary to Employer's concerns, a WCJ's finding of full recovery from a discrete injury is binding in future proceedings and is sufficient to relieve Employer of liability for related medical expenses. *Mino v. Workers' Compensation Appeal Board (Crime Prevention Association)*, 990 A.2d 832, 839 (Pa. Cmwlth. 2010).

In *County of Allegheny v. Workers' Compensation Appeal Board (Nicini)* (Pa. Cmwlth., No. 2602 C.D. 2015, filed February 3, 2017),[4] we explained:

> [A]n employer "must prove that *all* of the claimant's work-related disability has ceased" in order to be entitled to a termination of medical and wage loss benefits related to the work injury. *Central Park Lodge v. Workers' Compensation Appeal Board (Robinson)*, 718 A.2d 368, 370 (Pa. Cmwlth. 1998) (emphasis in original) (citations omitted). Pennsylvania courts have repeatedly held that in a termination proceeding, an employer bears the burden of proving by substantial evidence that a claimant's disability has ceased, "or that *any remaining conditions* are unrelated to the work injury. An employer may satisfy this burden by presenting unequivocal and competent medical evidence of the claimant's *full recovery from her work-related injuries*." *Westmoreland County v. Workers' Compensation Appeal Board (Fuller)*, 942 A.2d 213, 217 (Pa. Cmwlth. 2007) (emphasis added) (citation omitted).
>
> The Board interpreted the decision in *Indian Creek Supply v. Workers' Compensation Appeal Board (Anderson)*, 729 A.2d 157 (Pa. Cmwlth. 1999), as inviting a departure from our case law. In that case we held that the employer satisfied its burden with respect to the claimant's lumbosacral strain but not the residual problems from his disc herniation. We find no support

---

[4] Section 414 of this Court's Internal Operating Procedures authorizes the citation of unreported panel decisions issued after January 15, 2008, for their persuasive value, but not as binding precedent. 210 Pa. Code §69.414.

for the Board's analysis in *Indian Creek Supply*. **More important, we believe that the Board is fashioning a "cure" for a problem that does not exist: it is by now well settled that a finding of fact that is not challenged on appeal is binding on the parties in subsequent proceedings.** *Mino v. Workers' Compensation Appeal Board (Crime Prevention Association)*, 990 A.2d 832, 839 (Pa. Cmwlth. 2010); *Temple University Hospital v. Workers' Compensation Appeal Board (Sinnot)*, 866 A.2d 489, 494 n.4 (Pa. Cmwlth. 2005). Here, the WCJ's unchallenged finding that [the claimant] was fully recovered from the hand injury is sufficient, in itself, to entitle [the employer] to the relief the Board seeks to supply. **We conclude that the Board's piecemeal approach is both unnecessary and ill-advised, and we direct the Board's attention to our decision in *Ingram Micro v. Workers' Compensation Appeal Board (Heim)* (Pa. Cmwlth., No. 1716 C.D. 2013, filed May 23, 2014) (holding that termination of benefits in part was improper).**

*County of Allegheny,* slip op. at 4-5 n.6 (bold emphasis added).

Consistent with our previous decisions, the WCJ's finding that Claimant was fully recovered from the psychological injury was sufficient, *alone*, to relieve Employer of the obligation to pay for treatment related to that discrete injury. *Mino*, 990 A.2d at 839; *Temple University Hospital*, 866 A.2d at 494 n.4. Further, although the separate physical and psychological injuries were causally related to the same event, Claimant does not assert any causal relationship between his physical injury and his psychological injury. Consequently, Employer's contention that it will remain liable for Claimant's mental health treatment unless a "partial termination" is granted is unsupported. *Mino*, 990 A.2d at 839; *Temple*

7

*University Hospital*, 866 A.2d at 494 n.4. The WCJ erred in granting a "partial termination of benefits," a remedy that is not recognized under Pennsylvania law.[5]

However, while piecemeal litigation is strongly disfavored, under the unique facts of this case, the WCJ's error had no practical effect. On appeal, Claimant does not challenge the WCJ's determination that he fully recovered from his psychological injury, and as a result, the Court can offer Claimant no meaningful relief.

Accordingly, we reverse the Board's order insofar as it affirms the WCJ's "partial" termination of benefits, and we affirm the Board's order in all remaining respects.

_____
MICHAEL H. WOJCIK, Judge

Judge Fizzano Cannon did not participate in the decision of this case.

---

[5] Employer could have sought a modification of its obligations by filing a review petition under Section 413 of the Act, 77 P.S. §772. Furthermore, despite filing a termination petition, Employer presented no evidence whatsoever related to Claimant's physical injuries. We caution employers that such conduct may subject them to unreasonable contest attorney fees. Section 440 of the Act, 77 P.S. §996.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Constantine Mitoulis,                    :
                                         :
                    Petitioner           :
                                         :
            v.                           : No. 991 C.D. 2018
                                         :
Workers' Compensation Appeal             :
Board (Sunrise Senior Living             :
Management, Inc.),                       :
                                         :
                    Respondent :


# O R D E R


AND NOW, this 27th day of April, 2020, the order of the Workers' Compensation Appeal Board, dated June 20, 2018, is AFFIRMED in part and REVERSED in part in accordance with the foregoing opinion.


_____
MICHAEL H. WOJCIK, Judge