IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Wilkes-Barre,                    :
                    Petitioner           :
                                         :
           v.                            :
                                         :
Workers' Compensation Appeal             :
Board (Pachucki),                        :    No. 1834 C.D. 2019
                    Respondent           :    Submitted: May 29, 2020


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                              FILED:  July 21, 2020


           The City of Wilkes-Barre (Employer) petitions this Court for review of
the portion of the Workers' Compensation (WC) Appeal Board's (Board) December
3, 2019 order reversing the portion of the Workers' Compensation Judge's (WCJ)
decision granting Donald Pachucki's (Claimant) Claim Petition for WC Benefits
(Claim Petition) until March 15, 2018.  Employer essentially presents one issue for
this Court's review: whether substantial evidence supported the WCJ's conclusion
that Claimant fully recovered from his work-related lumbar and inguinal (groin)
strains and related disability as of March 15, 2018.[1]

---

[1] Employer presents the following three issues in its Statement of the Questions Involved:
(1) whether the Board erred by concluding that Employer failed to prove that Claimant fully
recovered from his work-related lumbar injury and his related disability had ceased; (2) whether the
Board erred by concluding that Employer failed to prove that Claimant fully recovered from his
work-related groin strain and his related disability had ceased; and (3) whether the Board usurped
the WCJ's fact-finding obligations and credibility determinations.  *See* Employer Br. at 4.  Since
Employer's issues relate to whether substantial evidence supported the WCJ's conclusion, they have
been combined herein.

Claimant worked for Employer's Public Works Department as a laborer/driver. On January 2, 2018, Claimant filed the Claim Petition seeking total disability benefits as a result of lower back and right groin injuries he sustained in the course and scope of his employment for Employer on December 8, 2017. Employer denied the allegations in the Claim Petition, and issued a Notice of WC Denial on December 21, 2017.[2] The WCJ conducted hearings on February 6, May 8 and July 31, 2018.

On December 11, 2018, the WCJ granted the Claim Petition, concluding that Claimant met his burden of proving that he sustained work-related low back and right groin strains on December 8, 2017, but that Claimant fully recovered from those injuries as of March 15, 2018.[3] Claimant appealed to the Board. On December 3, 2019, the Board reversed the WCJ's decision terminating Claimant's benefits as of March 15, 2018, holding that there was no substantial, competent evidence to support the WCJ's finding that Claimant was fully recovered from his low back and right groin strains as of March 15, 2018.[4] Employer appealed to this Court.[5]

---

[2] Employer denied the claim because Employer's panel physician, with whom Claimant initially treated, did not specify whether or not the injury was work-related. *See* Reproduced Record at 46a-47a.

[3] The WCJ also held that Employer was entitled to a credit for the $438.00 weekly Unemployment Compensation (UC) benefits Claimant received following the work-related injury up to March 15, 2018. The WCJ further concluded that Employer's contest of the claim was reasonable.

[4] The Board also modified the WCJ's UC credit award to reflect a weekly amount of $393.00 and extended it through July 7, 2018. The Board affirmed the WCJ's award in all other respects.

[5] "On review[,] this Court must determine whether constitutional rights were violated, errors of law were committed, or necessary findings of fact were supported by substantial competent evidence." *Rogele, Inc. v. Workers' Comp. Appeal Bd. (Hall)*, 198 A.3d 1195, 1199 n.3 (Pa. Cmwlth. 2018) (quoting *Stepp v. Workers' Comp. Appeal Bd. (FairPoint Commc'ns, Inc.)*, 99 A.3d 598, 601 n.6 (Pa. Cmwlth. 2014)).

2

Employer argues that the Board erred by concluding that Employer failed to sustain its burden of proving that Claimant had fully recovered from his work-related lumbar and groin strains and related disability as of March 15, 2018.

Initially,

> [i]n a claim petition, the claimant has the burden of proving all elements necessary to support an award, including the burden to establish the duration of disability.[6]  A claimant establishes ongoing disability by the presentation of unequivocal medical evidence.[7]  When a claimant fails to present unequivocal testimony establishing ongoing disability after a certain date, benefits are properly terminated as of that date.

*Wagner v. Workers' Comp. Appeal Bd. (O'Malley Wood Prods., Inc.)*, 805 A.2d 683, 684-85 (Pa. Cmwlth. 2002) (citations omitted).

The law is well established that "[t]he WCJ is the ultimate factfinder and has exclusive province over questions of credibility and evidentiary weight." *Univ. of Pa. v. Workers' Comp. Appeal Bd. (Hicks)*, 16 A.3d 1225, 1229 n.8 (Pa. Cmwlth. 2011).  "The determination of whether a claimant's subjective complaints of pain are

---

[6] "Under [the WC Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2710], the term 'disability' is synonymous with loss of earning power." *Donahay v. Workers' Comp. Appeal Bd. (Skills of Cent. PA, Inc.)*, 109 A.3d 787, 792 (Pa. Cmwlth. 2015).  Therefore, "[i]f the reduction in earnings is not tied to a loss of earning power attributable to the work injury, no disability benefits are due." *Id.* at 793.

[7] This Court has explained:

> Medical testimony will be found unequivocal if the medical expert, after providing a foundation, testifies that in his professional opinion that he believes a certain fact or condition exists.  Medical testimony is equivocal if, after a review of a medical expert's entire testimony, it is found to be merely based on possibilities.  Medical testimony will be deemed incompetent if it is equivocal.  Whether medical testimony is equivocal is a question of law subject to plenary review.

*PetSmart, Inc. through Indem. Ins. Co. of N. Am. v. Workers' Comp. Appeal Bd. (Sauter)*, 219 A.3d 703, 706 (Pa. Cmwlth. 2019) (quoting *Campbell v. Workers' Comp. Appeal Bd. (Pittsburgh Post Gazette)*, 954 A.2d 726, 730 (Pa. Cmwlth. 2008) (citations omitted)).

accepted is a question of fact for the WCJ." *Udvari v. Workmen's Comp. Appeal Bd. (USAir, Inc.)*, 705 A.2d 1290, 1293 (Pa. Cmwlth. 1997).

Here, the crux of Employer's argument is that, because substantial record evidence supported the WCJ's findings, the Board erred by disturbing them. "Substantial evidence has been defined as such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Stepp v. Workers' Comp. Appeal Bd. (FairPoint Commc'ns, Inc.)*, 99 A.3d 598, 601 n.6 (Pa. Cmwlth. 2014).

> 'In performing a substantial evidence analysis, this [C]ourt must view the evidence in a light most favorable to the party who prevailed before the factfinder.' 'Moreover, we are to draw all reasonable inferences which are deducible from the evidence in support of the factfinder's decision in favor of that prevailing party.' It does not matter if there is evidence in the record supporting findings contrary to those made by the WCJ; the pertinent inquiry is whether the evidence supports the WCJ's findings.

*3D Trucking Co., Inc. v. Workers' Comp. Appeal Bd. (Fine & Anthony Holdings Int'l)*, 921 A.2d 1281, 1288 (Pa. Cmwlth. 2007) (citations omitted) (quoting *Waldameer Park, Inc. v. Workers' Comp. Appeal Bd. (Morrison)*, 819 A.2d 164, 168 (Pa. Cmwlth. 2003)).

At the hearings, Claimant testified that, while collecting garbage on December 8, 2017, he lifted a heavy bag, heard a pop and experienced a very sharp pain in his groin. *See* Reproduced Record (R.R.) at 61a-62a. He recalled that he immediately notified his co-worker and the garbage truck driver and, after being unable to continue working, returned to the garage and reported the incident to his supervisor and human resources. *See* R.R. at 62a-63a. Claimant declared that human resources directed him to go to Midstate Occupational Health Services, Inc. (Midstate), where Catherine M. Rainey, M.D. (Dr. Rainey) treated him for complaints of right-side low back and groin pain. *See* R.R. at 63a-64a. Claimant

4

stated that he returned his paperwork to his supervisor that day, but did not return to work. *See* R.R. at 64a. He explained that he continued to treat with Dr. Rainey, who prescribed a painkiller and physical therapy. *See* R.R. at 64a-65a. Claimant described that he "was not able to do anything that much because every time [he would] try to lift or do anything, [he would] have sharp pain." R.R. at 65a. He claimed that he asked Employer if Employer could accommodate his restrictions, but Employer failed to get back to him. *See* R.R. at 66a, 70a. Claimant stated that, since his WC benefits ceased, he did exercises at home at his personal physician's recommendation.

Claimant also presented the depositions of Dr. Rainey and Christopher J. Connor, D.O. (Dr. Connor). Dr. Rainey testified that she is certified in occupational medicine and designated as Employer's panel physician. She recalled that, when she examined Claimant on December 8, 2017, he complained of groin pain extending from his lower back, and that he had limited forward flexion as a result thereof. Dr. Rainey excused Claimant from work for the rest of that day, and advised him to limit his lifting to 10 pounds and return to Midstate after the weekend.

Dr. Rainey described that Claimant returned on December 11, 2017, with complaints of persistent lower back pain that radiated into his right groin and was exacerbated by movement. She stated that Claimant had slightly limited forward flexion, but his neurological exam was normal and his abdominal exam was normal except for tenderness in his groin area on palpation. Dr. Rainey diagnosed Claimant with lumbar and right groin strain, for which she prescribed cold packs, Flexeril, Daypro, and continued modified duty, and directed him to return in one week.

Dr. Rainey recollected that Claimant returned to Midstate on December 19, 2017, with continued complaints of low back pain that radiated into his right groin that was somewhat relieved by the medications. With the exception of limited

forward flexion, Claimant had a normal examination, and she prescribed physical therapy and continued lifting restrictions.

Dr. Rainey described that Claimant returned to Midstate on January 4, 2018, and treated with Dr. Rainey's colleague, who recorded that Claimant had undergone three or four physical therapy sessions, and reported improved groin pain, but minimally improved low back pain. Dr. Rainey stated that her colleague ordered Claimant to continue with his restrictions and physical therapy, but changed Claimant's prescription from Daypro to Naproxen.

Dr. Rainey testified that she treated Claimant again on January 18, 2018, at which time Claimant reported that his back pain was 70% better, but he had spasms, and pain still radiated into his groin, but not as frequently. Claimant further complained of pain that radiated into his groin when he was lifting, but it was minor. Dr. Rainey described that Claimant had improved, there was no tenderness on palpation, and his forward flexion was almost full. Dr. Rainey advised Claimant to continue physical therapy, but increased his lifting, pushing, pulling and carrying to 20 pounds. Dr. Rainey recalled that Claimant had an x-ray on January 21, 2018, that reflected only non-work-related L4-5 spondylolisthesis.

Dr. Rainey saw Claimant again on February 1, 2018, when he reported that his pain had further improved, but it was still there, particularly in the right lower back. She advised him to discontinue physical therapy, and sent him for an MRI. When Claimant returned to Midstate on February 13, 2018, he still complained of right low back pain with occasional mild, localized right groin pain. Dr. Rainey stated that Claimant's February 13, 2018 MRI did not reveal any work-related disc herniation.[8] She declared that the MRI did not support Claimant's pain complaints. Dr. Rainey increased his lifting, pushing, pulling and carrying limit to 25 pounds.

---

[8] The MRI revealed that Claimant had bone cancer that was not related to his work injury.

6

Dr. Rainey described that Claimant returned to Midstate on March 7, 2018, and treated with a nurse practitioner who recorded that Claimant's groin pain further improved, but he had continued right lower back pain that made sitting uncomfortable and increased with movement. Claimant asked to resume physical therapy.

Dr. Rainey recalled that Claimant last treated at Midstate on March 15, 2018, with a nurse practitioner, after orthopedic surgeon Michael C. Raklewicz, M.D. (Dr. Raklewicz) had evaluated him that same day. Dr. Rainey stated that, following the nurse practioner's examination, Claimant's restrictions remained the same. Dr. Rainey acknowledged that Claimant's examinations were always within normal range, and that her diagnoses were based solely on Claimant's subjective complaints.

Employer presented the depositions of Dr. Raklewicz and Orthopedic surgeon Robert B. Grob, D.O. (Dr. Grob). Dr. Raklewicz confirmed that he collected Claimant's medical history and examined Claimant at Dr. Rainey's request on March 15, 2018. He did not previously review Dr. Rainey's reports or conclusions. Dr. Raklewicz testified that Claimant reported persistent complaints of continued right low back and groin pain. Dr. Raklewicz did not find Claimant's complaints credible during his examination, and added that Claimant was magnifying his low back pain complaints. He found that Claimant's lumbar spine was normal, with no abnormal neurological findings. Dr. Raklewicz recalled that his review of Claimant's x-ray and MRI showed no evidence of traumatic injury or aggravation injury, which was consistent with his examination. Dr. Raklewicz opined, within a reasonable degree of medical certainty, that Claimant's lumbar spine was normal, and he was able to work without restrictions.[9]

---

[9] Dr. Raklewicz explained that he treated Claimant for right hip bursitis that was not related to his work injury, but could have accounted for Claimant's groin pain complaints.

Dr. Grob testified that he conducted an independent medical evaluation of Claimant at Employer's request on March 23, 2018. He recalled that he reviewed Claimant's medical records, x-ray and MRI, and took Claimant's medical history. Dr. Grob described that he conducted an examination, during which Claimant complained of low back pain (pain level 4 or 5 out of 10) that did not radiate or cause weakness, but did cause pins and needles in his right buttock. Claimant did not complain of groin pain. Based upon his examination, Dr. Grob opined, within a reasonable degree of medical certainty, that there was no objective evidence to support Claimant's subjective complaints of low back pain. He concluded that, as of March 23, 2018, "[t]here were no positive objective findings to support any further disability" relating to Claimant's December 8, 2017 work-related injury. R.R. at 285a.

Based on the evidence, the WCJ made the following findings:

15. With respect to the expert medical opinions, this [WCJ] notes that there has been some differing of opinion amongst the four [] experts. Unlike the other three [], Dr. Rainey examined Claimant on several occasions and examined Claimant on the same day of the work-related injury. Claimant was seen by Dr. Rainey as a panel provider, and in turn by Dr. Raklewicz for treatment on referral from Dr. Rainey, and not for purposes of litigation, unlike the examination by Dr. Grob. However, the opinions of Dr. Grob are consistent with, and supportive of, the opinions of Dr. Raklewicz, and are likewise consistent with the opinions of Dr. Rainey. All three [] diagnose Claimant with a strain and Dr. Connor, alone, feels Claimant aggravated a pre[]existing degenerative condition. However, both Dr. Grob and Dr. Raklewicz specifically disagreed with Dr. Connor's opinions, both noting that there was no indication of any such aggravation during their respective examinations, which took place after Dr. Rainey's last examination and before Dr. Connor's first examination of Claimant.

16. Ultimately, this [WCJ] finds that Claimant sustained low back and right []groin strains as a result of the work-related injury, both of which had resolved by the time of Dr. Racklewicz's [sic] examination of Claimant on March 15, 2018. In this regard, the opinions of Dr. Rainey, Dr. Racklewicz [sic] and Dr. Grob are specifically accepted and the opinions of Dr. Connor are specifically rejected.

17. This [WCJ] also finds that Claimant was disabled from work from December 8, 2018 [sic] until March 15, 2018, and no modified duty work was made available to him.

18. This [WCJ] further finds that Claimant had fully recovered from his work-related injury as of March 15, 2018, and was capable of returning to work without restrictions as of that date.

WCJ Dec. at 7, R.R. at 17a.

The Board reversed the WCJ's decision on appeal, concluding:

The WCJ credited Drs. Rainey, Raklewicz, and Grob as to the diagnosis of Claimant's injury and [found as a] fact he was fully recovered as of March 15, 2018. However, each doctor gave varying testimony over the exact diagnoses and whether Claimant was fully recovered or not.

Specifically, Dr. Rainey testified that Claimant had a work-related injury consisting of a low back sprain and right [groin] strain, however, she did not testify he was fully recovered but instead opined that he continued to have a disability as a result of his work injury. Dr. Grob testified that Claimant's work injury only consisted of a strain of his lumbosacral spine and that he was fully recovered as of March 23, 2018. Dr. Raklewicz testified Claimant did not sustain any work-related injury and that he could work full-duty, unrestricted work as of March 15, 2018.

Consequently, the WCJ's credibility determinations and findings are inconsistent, as none of the doctors testified that Claimant both had a low back sprain and right [groin] strain and was fully recovered [there]from . . . as of March 15, 2018. While Dr. Grob testified Claimant was fully recovered from a lumbosacral strain, he made no mention of the [groin] strain. For an employer to be entitled to a termination of benefits, it must prove that all of the

9

claimant's work-related disability has ceased. *Cent*[.] *Park Lodge v.* [*Workers' Comp. Appeal Bd.*] *(Robinson)*, 718 A.2d 368 (Pa. Cmwlth. 1998). Here, because Dr. Grob only testified to full recovery from one aspect of the injury, and not the entire injury, his testimony does not support a termination of benefits. In terms of Dr. Raklewicz's testimony, he denied a work injury ever took place, and a doctor's testimony that fails to recognize the accepted work injury ever occurred is not adequate evidence to support a termination of benefits. *GA & FC Wagman, Inc. v.* [*Workers' Comp. Appeal Bd.*] *(Aucker)*, 785 A.2d 1087 (Pa. Cmwlth. 2001).

Thus, there was no substantial, competent evidence to support the WCJ's finding that Claimant was fully recovered from his low back sprain and right [groin] strain as of March 15, 2018. Consequently, we must reverse the WCJ's termination of Claimant's benefits as of that date and Claimant shall continue to be entitled to ongoing disability benefits.

Board Dec. at 6-7, R.R. at 31a-32a.

Despite that this matter involved only a Claim Petition in which Claimant had to prove the duration of his disability, *Wagner*, the Board's decision clearly placed the burden on Employer to prove that Claimant fully recovered from his work-related injuries, as if Employer presented a petition to terminate Claimant's benefits.[10] "The error in the reasoning of the Board . . . is that, viewing the [WCJ's] findings of fact with hindsight, it artificially bifurcates the proceedings and[,] as a result[,] improperly shifts the burden of proof." *Inglis House v. Workmen's Comp. Appeal Bd. (Reedy)*, 634 A.2d 592, 595 (Pa. 1993). This Court has ruled:

---

[10] This Court has declared:

> In a termination proceeding, [] a claimant has *no burden to prove anything* and, having already established the right to benefits, the benefits must remain in effect unless *the employer* proves that a termination of the claimant's benefits is warranted. The burden of proof is entirely on the employer, which must prove that *all* of the claimant's work-related disability has ceased.

*Cent. Park Lodge*, 718 A.2d at 370.

> The **claimant's burden to prove disability never shifts to the employer and this burden remains with the claimant throughout the pendency of the claim petition**. Even when an employer issues a notice of compensation denial which acknowledges an injury but disputes disability, the claimant maintains the burden to prove he is entitled to benefits. Moreover, **if the WCJ determines that the evidence supports a finding of disability only for a closed period, the WCJ is free to make such a finding**.

*Potere v. Workers' Comp. Appeal Bd. (Kemcorp)*, 21 A.3d 684, 690 (Pa. Cmwlth. 2011) (emphasis added; citations omitted).

Here, the WCJ's finding that Claimant suffered work-related lumbar and right groin strains on December 8, 2017 is supported by Dr. Rainey's testimony. Moreover, substantial record evidence supports the WCJ's finding that both Dr. Raklewicz and Dr. Grob concluded there was no objective evidence to support Claimant's continued complaints of pain beyond March 15, 2018. This was consistent with Dr. Rainey's opinions that her treatment of Claimant's work-related right lumbar and right groin strains was based on Claimant's purely subjective pain complaints, rather than objective findings.

Further, Dr. Grob did not testify that Claimant only recovered from one aspect of his work-related injury. Rather, Claimant only complained of low back pain during Dr. Grob's examination. Notwithstanding, Dr. Grob declared that Claimant was fully recovered from his "work[-related] injury that occurred on December 8[], 2017." R.R. at 286a. Moreover, although Dr. Raklewicz may have questioned whether Claimant's low back and groin complaints were credible, he nevertheless concluded that, as of March 15, 2018, Claimant did not suffer from any injury that prevented Claimant from returning to work without restrictions. *See* R.R. at 323a-324a, 331a, 335a-337a, 349a-350a. It is based upon this evidence that the WCJ concluded Claimant was fully recovered from his lumbar and right groin strains, and no longer suffered a disability as of March 15, 2018.

11

"[T]he burden of proof in [this] [C]laim [P]etition rest[ed] on [Claimant] to demonstrate not only that he [] sustained a compensable [work-related] injury[,] but also that the injury continue[d] to cause disability throughout the pendency of the [C]laim [P]etition[,] after [March 15, 2018] . . . ." *Innovative Spaces v. Workmen's Comp. Appeal Bd. (DeAngelis)*, 646 A.2d 51, 54 (Pa. Cmwlth. 1994). Claimant failed to meet his burden here. Viewing the evidence in favor of Employer as we must, *3D Trucking Co.*, we hold that substantial record evidence supported the WCJ's findings relative to the Claim Petition, and the Board erred by disturbing them.

For all of the above reasons, the Board's order is reversed.

_____
ANNE E. COVEY, Judge

12

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Wilkes-Barre,            :
          Petitioner      :
                                 :
         v.            :
                                 :
Workers' Compensation Appeal  :
Board (Pachucki),            :     No. 1834 C.D. 2019
          Respondent   :

O R D E R

AND NOW, this 21st day of July, 2020, the Workers' Compensation Appeal Board's December 3, 2019 order is reversed.

_____
ANNE E. COVEY, Judge