# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sonia Reynolds,                          :
                          Petitioner     :
                                         :
         v.                              :  No. 1526 C.D. 2019
                                         :  Submitted: February 28, 2020
Workers' Compensation Appeal             :
Board (Holy Redeemer Health              :
Systems),                                :
                          Respondent     :


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
          HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE ELLEN CEISLER, Judge


*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**                    **FILED:  August 19, 2020**


Sonia Reynolds (Claimant), *pro se*, petitions for review of an order of the Workers' Compensation Appeal Board (Board), dated September 10, 2019.  The Board affirmed the decision of a Workers' Compensation Judge (WCJ), granting the termination petition filed by Holy Redeemer Health Systems (Employer).  For the reasons set forth below, we affirm the Board's order.

Claimant worked for Employer as a food service hostess at St. Joseph's Manor Nursing Home.  On September 22, 2010,[1] Claimant sustained a work-related injury

---

[1] Based upon our review of the record, there appears to be a discrepancy regarding the date on which Claimant sustained her work-related left shoulder injury—*i.e.*, August 1, 2010, or September 22, 2010.  As the exact date on which Claimant sustained her work-related left shoulder injury does not affect our analysis of the issue presented by Claimant on appeal, we will not address this discrepancy in any further detail, and we will refer to September, 22, 2010—the date identified by the parties in their briefs to this Court and the date most frequently used in the record to describe such injury—as the date of Claimant's work-related left shoulder injury.

to her left shoulder. Employer accepted liability for a left shoulder strain pursuant to a medical-only Notice of Compensation Payable. Thereafter, on August 3, 2017, Employer filed a termination petition, asserting that Claimant had fully recovered from her work-related left shoulder injury as of July 26, 2017.

In support of its termination petition, Employer presented the medical report of Jeffrey Malumed, M.D., who performed an independent medical examination (IME) of Claimant on July 26, 2017. (Certified Record (C.R.), Item No. 16, at 1.) As part of his IME, Dr. Malumed obtained a history, reviewed Claimant's medical records, and performed a physical examination. (*Id.* at 1-3.) Dr. Malumed explained that his physical examination of Claimant's left shoulder was "essentially normal"—*i.e.*, Claimant had no objective findings but reported subjective complaints of pain. (*Id.* at 3.) He also explained that magnetic resonance imaging of Claimant's left shoulder, both from before and after he had performed a prior IME of Claimant, revealed a partial thickness rotator cuff tear and multiple arthritic changes. (*Id.* at 1, 3.)

Dr. Malumed indicated that Dean Trevlyn, M.D., performed surgery on Claimant's left shoulder on October 3, 2014. (*Id.* at 2.) During surgery, Dr. Trevlyn discovered a small partial thickness rotator cuff tear and longstanding degenerative arthritic conditions, including degenerative labral tears and a tear of the biceps muscle. (*Id.* at 2-3.) Dr. Trevlyn performed a subacromial decompression and debridement of the biceps muscle tear and a mini open rotator cuff repair. (*Id.* at 2.) Dr. Malumed further indicated that Claimant made a full and complete recovery following surgery and did not require any further medical treatment for her work-related left shoulder injury. (*Id.* at 3-4.) Ultimately, Dr. Malumed opined that

Claimant had fully recovered from her work-related left shoulder injury and was capable of returning to her pre-injury position with Employer. (*Id.* at 4.)

In opposition to Employer's termination petition, Claimant presented the medical report of William C. Murphy, D.O., who performed an examination of Claimant on October 31, 2017. (C.R., Item No. 13, at 1.) At the time of the examination, Claimant reported persistent left shoulder pain that radiated into her neck area and was aggravated by overhead lifting, pushing, pulling, or carrying. (*Id.*) Dr. Murphy performed a physical examination of Claimant's left shoulder, which revealed restricted and painful range of motion, tenderness upon palpation of the left rotator cuff insertion, acromioclavicular joint, subacromial bursa, and bicipital groove, a positive impingement test, and a positive Hawkins maneuver. (*Id.* at 2.) Dr. Murphy indicated that his diagnoses relative to Claimant's left shoulder and the September 22, 2010 work-related incident included a strain/sprain, a partial rotator cuff tear, a biceps tear, and an aggravation of degenerative joint disease. (*Id.* at 3.)

Dr. Murphy opined that Claimant "remains symptomatic regarding her left shoulder injury and has never fully recovered despite conservative management, injections[,] and surgical intervention." (*Id.*) Dr. Murphy believed that the injury to Claimant's left shoulder was permanent and that the prognosis for a full recovery was poor. (*Id.* at 3-4.) He placed Claimant under permanent restrictions of no repetitive overhead lifting, pushing, pulling, or carrying with her left upper extremity and no lifting greater than twenty pounds on an occasional basis and ten pounds on a frequent basis with her left upper extremity. (*Id.* at 4.) Dr. Murphy indicated that Claimant would require further treatment for her left shoulder injury, including corticosteroid injections for inflammation control and physical therapy for exacerbations. (*Id.*) He further indicated that, if Claimant could not manage her

symptoms with conservative treatment and injections, Claimant would be a candidate for a left shoulder total joint arthroplasty. (*Id.*)

By decision and order dated April 27, 2018, the WCJ granted Employer's termination petition. In so doing, the WCJ summarized the medical experts' opinions and made the following credibility determinations:

> 8. This [WCJ] has thoroughly reviewed the evidence . . . presented by both parties in this matter. Dr. . . . Malumed is credible and convincing that based on his physical examination of . . . Claimant[ and his] review of diagnostic tests and medical records, . . . Claimant had fully recovered from her employment injuries in September of 2010 to her left shoulder as of July 26, 2017. Dr. Malumed's opinions are supported by the factors he considered.

> 9. Dr. . . . Murphy is not convincing that Claimant has any residuals that would disable or require medical attention as it relates to the September 22, 2010 injury. This [WCJ] has accepted the opinions of Dr. Malumed based on consistency with medical records and diagnostic tests as well as his physical exam[ination] of . . . Claimant.

(WCJ's Decision at 4.) Based on these credibility determinations, the WCJ concluded that Employer met its burden of proving that Claimant had fully recovered from her work-related left shoulder injury as of July 26, 2017. Claimant appealed to the Board, which affirmed the WCJ's decision. Claimant then petitioned this Court for review.

On appeal,[2] it is difficult to discern Claimant's precise argument. It appears that Claimant is attempting to argue that the Board erred by affirming the WCJ's

---

[2] Our review is limited to determining whether an error of law was committed, whether necessary findings of fact are supported by substantial evidence, and whether constitutional rights were violated. *Combine v. Workers' Comp. Appeal Bd. (Nat'l Fuel Gas Distrib. Corp.)*, 954 A.2d 776, 778 n.1 (Pa. Cmwlth. 2008), *appeal denied*, 967 A.2d 961 (Pa. 2009).

decision to grant Employer's termination petition because there is not substantial evidence of record to support the WCJ's finding that Claimant had fully recovered from the work-related injury to her left shoulder.[3]  In response, Employer contends that the Board properly affirmed the WCJ's decision because Dr. Malumed's opinion that Claimant had fully recovered from her work-related left shoulder injury and was capable of returning to her pre-injury position with Employer without restrictions constitutes substantial evidence to support the WCJ's finding of full recovery.

In workers' compensation proceedings, the WCJ is the ultimate finder of fact. *Williams v. Workers' Comp. Appeal Bd. (USX Corp.-Fairless Works)*, 862 A.2d 137, 143 (Pa. Cmwlth. 2004).  As fact-finder, matters of credibility, conflicting medical evidence, and evidentiary weight are within the WCJ's exclusive province.  *Id.*  If the WCJ's findings are supported by substantial evidence, they are binding on appeal.  *Agresta v. Workers' Comp. Appeal Bd. (Borough of Mechanicsburg)*, 850 A.2d 890, 893 (Pa. Cmwlth. 2004).  It is irrelevant whether there is evidence to support contrary findings; the relevant inquiry is whether substantial evidence supports the WCJ's necessary findings.  *Hoffmaster v. Workers' Comp. Appeal Bd. (Senco Prods., Inc.)*, 721 A.2d 1152, 1155 (Pa. Cmwlth. 1998).

To succeed in a termination petition, the employer bears the burden to prove that the claimant's disability has ceased and/or that any current disability is unrelated to the claimant's work injury.  *Jones v. Workers' Comp. Appeal Bd. (J.C. Penney Co.)*, 747 A.2d 430, 432 (Pa. Cmwlth.), *appeal denied*, 764 A.2d 1074 (Pa. 2000).

---

[3] In her brief to this Court, Claimant sets forth numerous facts and allegations that appear to be outside of the record and/or not relevant to this appeal—*e.g.*, injuries and treatment to parts of her body other than the accepted left shoulder strain that is the subject of this appeal.  We will not address these extraneous facts and allegations in this opinion.

5

An employer may satisfy this burden by presenting unequivocal and competent medical evidence of the claimant's full recovery from her work-related injuries. *Koszowski v. Workmen's Comp. Appeal Bd. (Greyhound Lines, Inc.)*, 595 A.2d 697, 699 (Pa. Cmwlth. 1991). Furthermore, in order to terminate benefits, an employer must prove that all of a claimant's work-related injuries have ceased. *Central Park Lodge v. Workers' Comp. Appeal Bd. (Robinson)*, 718 A.2d 368, 370 (Pa. Cmwlth. 1998).

Here, the WCJ's finding that Claimant had fully recovered from her work-related left shoulder injury as of July 26, 2017, is supported by substantial evidence. Dr. Malumed credibly opined that Claimant had fully recovered from her work-related left shoulder injury as of July 26, 2017, the date of his IME of Claimant, and that Claimant was capable of returning to her pre-injury position with Employer. We stress that it does not matter that Dr. Murphy's opinions could have supported a contrary finding—*i.e.*, that Claimant had not fully recovered from her work-related left shoulder injury and required further medical treatment in connection therewith. As an appellate court, our only inquiry is whether there is substantial evidence of record to support the WCJ's finding of full recovery. *Hoffmaster*, 721 A.2d at 1155. It is within the WCJ's purview, as the ultimate fact-finder, to credit Dr. Malumed's opinion over Dr. Murphy's opinion, which he did. For these reasons, we cannot conclude that the Board erred by affirming the WCJ's decision to grant Employer's termination petition.

Accordingly, we affirm the Board's order.

_____
P. KEVIN BROBSON, Judge

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Sonia Reynolds, : 
                    Petitioner : 
          : 
         v. :   No. 1526 C.D. 2019
          : 
Workers' Compensation Appeal : 
Board (Holy Redeemer Health : 
Systems), : 
               Respondent : 

# **O R D E R**

AND NOW, this 19th day of August, 2020, the order of the Workers' Compensation Appeal Board is hereby AFFIRMED.

 

                                                P. KEVIN BROBSON, Judge